The opinion of the court was delivered by
Horton, C. J.:
The defendant insists that in the proceedings in the trial there were errors as follows:
1. In overruling the plea in abatement to the information, and- sustaining the demurrer thereto.
2. In overruling the motion of the defendant to compel the county attorney to elect whether he would prosecute the defendant for selling or for bartering the liquors set out in the information.
3. In overruling the motion of the defendant to compel the-county attorney to elect what specific kind of liquor he would prosecute the defendant for selling.
4. In overruling the motion of the defendant to compel the county attorney to set out in the information the names of *505 the persons to whom it was claimed the defendant sold the liquors.
5. In overruling the motion of the defendant to quash the information.
6. In overruling the objections of the defendant to the evidence of E. B. Jewett, and permitting the evidence of.the witness to go the jury.
7. In overruling the motion of the defendant for a new trial.
8. In rendering judgment against the defendant.
Of these several allegations in their order. Under the plea in abatement, the question is raised whether the clerk of the court can issue a warrant upon an information after it is filed, without the order of the court. Sec. 67, art. 6, ch. 82, p. 740, Comp. Laws of 1879, prescribes that informations may be filed during term time, or within twenty days preceding the term. It appears from the record that in this case the information was filed within twenty days preceding the term of the court, and therefore filed according to the terms of §§ 67 and 126, of art. 8, ch. 82, p.747, Comp. Laws 1879, which authorize warrants to be issued upon informations as soon as practicable after their filing.
Sec. 135 of art. 9 of said ch. 82 provides that when the court has failed to fix the amount of bail, or there is no judge in the county, the clerk may fix the amount of bail. On the 24th of September, 1881, the clerk certified upon the back of the warrant that no order had been made by the district court of Sedgwick county for bail in the case, and that there was no judge of said court in the county of Sedgwick, and therefore such clerk fixed the amount of bail at the sum of $500. Construing the various sections cited together, we perceive no impropriety in the action of the clerk in issuing the warrant upon the- information so soon as it was filed, and therefore conclude that the warrant issued, under which the defendant was arrested, was valid and legal in all respects.
The second and third errors charge substantially, that the information was defective for duplicity, and that the court be *506 low ought therefore to have compelled the county attorney to elect whether he would prosecute for selling or for bartering liquors, and also to compel him to elect the specific kind of liquor the defendant was to be charged with selling or bartering. The second and third assignments are untenable. The rule is well settled, that where the statute makes either of two or more distinct acts connected with the same general offense, and subject to the same measure and kind of punishment, indictable separately and as distinct crimes, when each shall have been committed by different persons, and at different times, they may, when committed by the same person and at the same time, be coupled in one count as constituting all together but one offense. In such cases, the several acts are construed as so many steps or stages in the same affair, and the offender may be informed against as for one combined act in violation of the law, and proof of either of the acts mentioned in the statute and set forth in the information will sustain a conviction. (Byrne v. State, 12 Wis. 577.) In Chitty’s Treatise on Criminal Law, vol. 1, p. 54, it is stated:
“In the case of misdemeanor, the joinder of several offenses will not in general vitiate the indictment in any stage of the prosecution. For in offenses inferior to felony, the practice of quashing the indictment, or calling on the prosecutor to elect on which charge he will proceed, does not prevail. But on the contrary, it is the constant practice to receive evidence of several libels and assaults upon the same indictment. It was indeed formerly held that assaults on more than one individual could not be joined in the same proceeding; but this is now exploded.”
In State v. Woodard, 25 Vt. 616, it was held under a statute which makes it an offense to sell or furnish intoxicating liquors, either selling or furnishing constituted a separate and distinct offense; yet as the penalty for each offense was the same, that both offenses might be charged in one count, and should be charged in the conjunctive. In Barnes v. State, 20 Conn. 232, the defendant was charged as follows, to wit: “ Did sell, and did offer to sell, by himself and by an agent, wines, spirituous liquors, and other intoxicating beverages.” The *507 defendant claimed the information bad — first, for duplicity, in charging two distinct offenses; second, for uncertainty; and third, for repugnancy, in that the sale could not be made by the defendant himself, and by another as his agent: and yet the court held the objections not well taken. In Commonwealth v. Eaton, 15 Pick. 273, au indictment which alleged that the defendant “did unlawfully offer for sale, and.did unlawfully sell, a lottery ticket,” was held good on demurrer. So an indictment which averred that the defendant did write and publish, and cause to be written and published, a malicious libel, was held not bad for duplicity. (2 Gabbett Cr. Law, 234; 3 Chit. Cr. Law, 4th Am. ed., 877, et seq.)
A statute in Massachusetts prohibited the setting up ov promoting certain exhibitions therein .mentioned, without license therefor; yet in Commonwealth v. Twitchell, 4 Cush. 74, it was held that an indictment alleging the defendant did set up and promote a prohibited exhibition, did not make the indictment objectionable for duplicity, as it charged only one offense.
Under the excise law of Wisconsin, declaring that if any person shall vend, sell or in any way deal or traffic in, or for the purpose of evading the statute, give away any spirituous, ardent or intoxicating liquors or drinks, in any quantity whatsoever, without first having obtained license therefor according to the provisions of the statute, he would be deemed guilty of a misdemeanor, and on conviction thereof be punished by fine or imprisonment as therein provided. A complaint filed, charging in the words of the statute, that the defendant “did vend, sell, deal and traffic in and give away spirituous and intoxicating liquors and drinks, namely, rum, gin, brandy, &c., in quantities less than one gill, without having first obtained a license therefor according to law,” was objected to as bád for duplicity, because the several acts named in the statute, if charged separately, would each constitute a distinct offense. The objection was overruled, the court holding that an indictment in such a case may pursue the language of the statute, charging the commission of the several acts conjunctively as constituting all together one offense. (State v. Bielby, 21 Wis. *508 206. See also upon this point the following authorities: Osgood v. People, 39 N. Y. 449; State v. Flint, 62 Mo. 393; State v. Fitsimmons, 30 Mo. 236; Barnes v. State, 20 Conn. 232; Shaffer v. State, 20 Ind. 191; State v. Wickey, 54 Ind. 438; State v. Wickey, 57 Ind. 596.)
Under the fourth assignment of error it is urged that the court ought to have compelled the county attorney to set out in the information the names of the persons to whom it was claimed that the liquors were sold. The statute of 1881, prohibiting the manufacture and sale of intoxicating liquors, except for certain purposes, contains among others the following section:
“In- all prosecutions under this act, by indictment or'otherwise, it shall not be necessary to state the kind of liquor manufactured or sold, but shall be necessary to describe the place where sold, and it shall not be necessary to state the name of the person to whom sold; and in all cases the person or persons to whom such intoxicating liquors shall be sold in violation of this act, shall be competent witnesses to prove such fact, or any other fact tending thereto; and the members, shareholders or associates in any club or association mentioned in section sixteen of this act shall be a competent witness to prove any violation of the provisions of said section, or of this act, or of any fact tending thereto.”
It is asserted that this section (§21, p. 243, Laws of 1881) is unconstitutional and void because not embraced within the title of the act, and even if otherwise valid, that the provision therein that it shall not be necessary to state the name of the person to whom liquors were sold is in contravention of the letter and spirit of section 10 of the bill of rights of the constitution of this state. Counsel refer to the decisions of McLaughlin v. State, 45 Ind. 338; Young v. State, 47 Ind. 150; State v. Baker, 50 Ind. 506; State v. Doyle, 16 R. I. 574; Wilson v. State, 14 Bush, 159; Commonwealth v. Thurlow, 24 Pick. 374; Commonwealth v. Trainor, 123 Mass. 414, and also the case of State v. Barrett, ante, p. 213, as decisive of the proposition. It has not been unusual for the legislature of this state to enact similar provisions in other statutes, with no broader title. In an act approved February 23,1867, en *509 titled “An act to prohibit the sale of intoxicating liquors in the unorganized counties of the state of Kansas,”. (Gen. Stat. 1868, p. 386,) a section was inserted prescribing:
“ That upon the trial for this offense it shall not be necessary to state either the kind or the character of the liquor alleged to have been, sold, bartered or given away, but it shall be sufficient if said indictment allege the liquor so sold, bartered or given away was intoxicating.”
In the act of March 3, 1868, entitled “An act to restrain dramshops and taverns, and to regulate the sale of intoxicating liquors,” it was prescribed:
“In all prosecutions under this act, by indictment or otherwise, it shall not be necessary to state the kind of liquor sold, but shall be necessary to describe the place where sold; and for any violation of the third or fourth, sections it shall not be necessary to state the name of any person to whom sold, and in all cases the person or persons to whom intoxicating liquors shall be sold in violation of this act shall be competent as witnesses to prove such fact, or any other tending thereto.”
In the act of March 5, 1875, entitled “An act to provide for the removal of public officers who are guilty of being intoxicated, or of gambling,” it is, among other matters, prescribed, that if any state, district, city, county or township officer of this state for whose removal from office by impeachment there is no provision, shall in any public place within the state be in a state of intoxication produced by strong drink, voluntarily taken, such officer on conviction thereof shall be adjudged to have forfeited his office, and such office shall thereupon be declared vacant. And in §4 of said act the style of the action is stated, and the manner of proceeding set forth at considerable length. In Werner v. Edmiston, 24 Kas. 147, we held that §§ 9 and 10 of the dramshop act of 1868 are not unconstitutional or void on the ground that said sections named certain conditions upon which a person might sell liquor under that act. In Woodruff v. Baldwin, 23 Kas. 491, we held that art. 17 of the code of criminal *510 procedure, which provides for the appointment by the probate court of a trustee of the estate of a convict imprisoned in the-penitentiary to be valid, although that section was challenged very strenuously as in conflict with § 16, art. 2 of the constitution. In the City of Eureka v. Davis, 21 Kas. 578, it was urged that § 2 of ch. 86, Laws of 1868, which prescribes that the list of adults provided for in § 1 of said chapter is conclusive as to the number thereof in certain cases, is unconstitutional because the subject-matter thereof is not expressed in the title of the act. We held that this section is not outside of the scope of the title, or foreign to it.
Now, in reference to said §21 of said ch. 128, the title of which act is “to prohibit the manufacture and sale of intoxicating liquors, except for medical, scientific and mechanical purposes, and to regulate the manufacture and sale thereof for such excepted purposes,” the act makes it unlawful for-any person to manufacture, sell or barter intoxicating liquors, without compliance with its provisions; provides the penalty for persons violating its terms, and then alleges in said § 21 that in all prosecutions under the act it is not necessary tosíate the name of the person to whom the liquors are sold. All objections to the validity of the latter provision are fully embraced in the argument of the court, in the case of the City of Eureka v. Davis, supra, and we hold, as we held in that, that to require every end and means necessary or convenient for the accomplishment of the general object of a law, to be provided for by a separate act relating to that alone, would not only be unreasonable, but would actually render legislation impossible. The provisions of §21 are important and necessary for the enforcement of the act of which they form a part, and a person examining to ascertain the proceedings for the enforcement of the penalties for the unlawful manufacture and sale of intoxicating liquors, would be more likely to examine for the provisions set forth in § 21, under the title of that act, than to consult criminal procedure, or some separate act relating solely to evidence or procedure, *511 in view of the fact that the provisions therein named are applicable only in the prosecutions under the act prohibiting the manufacture and sale of intoxicating liquors.
Said § 21 has no application to the procedure or evidence in criminal prosecutions generally, but is confined by express terms to prosecutions under the act of which it is a part, and we do not think it is so foreign to the act as to conflict with the terms of the state constitution. In State v. Barrett, ante, p. 213, sec. 19 of said ch. 128 was held by us to be void,, upon the ground as not embraced in the title of ch. 128; but. that section is separate and independent from all the other provisions of said chapter, and, as construed by us, has no-connection whatever with the prohibition of the manufacture and sale of intoxicating liquors. Said §19 stands so independently by itself that it may be rejected, and yet leave-those portions of the act which remain so complete in themselves as to be capable of execution, and the act may be construed the same as if §19 had not béen inserted.
Within the great majority of the authorities the provisions of said §21 do not conflict with §10 of the bill of rights of our constitution. In the case of The State v. Becker, 20 Iowa, 438, it was decided, Dillon, J., delivering the opinion of the court, that where an individual, under § 1564 of the revision of 1860 of the laws of Iowa, was charged with keeping intoxicating liquors for sale, and with selling the same, that it was not necessary in such an indictment to set out the name of the person to whom the liquor was sold. In the ease of Myers v. People, 67 Ill. 503, the information charged one Baltis Myers, without having first obtained a license to keep a grocery, with having sold a certain quantity of intoxicating liquor to be drank in, upon and about the building or premises where sold, and the court held that it was unnecessary to state in the information the name or names of the person or persons to whom the liquor was sold. Again, in State v. Bielby, supra, it was objected that the complaint was insufficient because it did not specify the names of the persons to whom the liquor was sold. Chief Justice Dixon, in speak *512 ing for the court, said that “this was unnecessary. The offense complained of worked no injury upon the individual rights of the person to whom the sale was made, and none was supposed to have been violated; and hence the designation of such person by name is in no way material to constitute the offense.” See also State v. Gummer, 22 Wis. 422; Osgood v. People, supra; State v. Becker, 20 Iowa, 438; State v. Parnell, 16 Ark. 506; State v. Spain, 29 Mo. 415; State v. Ladd, 15 Mo. 432; State v. Jaques, 68 Mo. 260; Cannady v. People, 17 Ill. 158; Rice v. People, 38 Ill. 435; Kern v. State, 7 Ohio St. 411; Hellett v. State, 41 Tex. 220.
In this connection, in view of our general discussion óf thé sufficiency of informations under the prohibitory act of 1881, »it may not be out of place for us to say that where the information contains but one count — that is, where a defendant is charged with one single misdemeanor, with one specific criminal act only — a single issue is formed which it is the province of the jury to determine according to the evidence-under the instructions of the court. But the court in its discretion may permit the.prosecutor, after offering evidence of a particular offense which would sustain the charge in the information, to offer also evidence tending to prove several other distinct substantive offenses; yet it is the duty of the court, upon motion after all of the evidence of a number of distinct offenses has been introduced, to require the prosecutor, before the defendant is put on his defense, to then elect upon what particular transaction he will rely for a conviction. (State v. Smith, 22 Vt. 74; Stockwell v. State, 27 Ohio St. 563.) The conclusions which we have already reached require us to hold that the information is not defective, and therefore that the fifth assignment of error was properly overruled.
The sixth objection goes to the question of the competency of the evidence of E. B. Jewett. It is urged that as the information charged the defendant with bartering and selling intoxicating liquors without having a permit therefor, that it was incumbent upon the prosecution to prove that the defendant had no permit, and that this proof must have been *513 by competent evidence. We fully agree with counsel in this regard. In our opinion, no material averment in an information which is denied by the defendant is taken as true, but it must be'proved in some manner by the prosecution. (Territory v. Reyburn, McCahon, p. 134; State v. Kuhuke, 26 Kas. 405.)
In this case, however, we think that the prosecution produced competent evidence, at least sufficient to make out a prima-,facie case, that the defendant had no permit to sell intoxicating liquors. The principal objection to the testimony introduced upon this point seems to be that Jewett, the probate judge, did not produce the journal of the probate court to prove that no permit had ever issued. It is said it should have been shown that he had examined the journal of the court before being permitted to testify that no permit had issued.
From the testimony of Jewett, it appears that at the time ■of the trial he had been the probate judge of Sedgwick county for five or six years; that he knew the defendant; that he •had never issued any permit to him to sell intoxicating liquor or liquors of any kind. The prohibition act casts the duty respecting permits upon the person holding the office of probate judge, not upon the probate court, although incidentally the court is mentioned, and although the act requires such permit to be of record upon the journal of the probate court, yet no permit can issue without the act of the probate judge; and where no permit at all has issued, it would seem to us the statements of the probate judge that he knew the defendant and that he had never issued to him any permit to sell intoxicating liquor or liquors of any kind would be prima Jade evidence that the defendant had no permit. If no permit had been issued, there was no entry of it to be examined and no record of it to be produced. Of course such evidence is not by any means conclusive. The defendant might in answer thereto produce his- permit if one had ever been issued to him, or, if it had been lost, he might require the *514 journal of. the probate court to be produced to show that a permit had in fact issued.
The seventh and eighth assignments of error are involved and disposed of already in the matters discussed, and these-assignments must also be overruled.
The judgment of the district court will therefore be affirmed.
All the Justices concurring.