## THE STATE OF KANSAS v. LAWSON COOK.

1. WITNESS—*Name on Information.* It is within the discretion of the court to permit the name of a witness known to the prosecuting attorney at the time of the filing of the information, to be indorsed thereon after the commencement of the trial, and to permit such witness to testify on the part of the state in a criminal prosecution over defendant's objection.

2. DRUGGISTS' PERMITS; *Journal Erroneously in Evidence.* In a criminal prosecution against a defendant for selling intoxicating liquors without taking out or having a permit, the county attorney testified that he was acquainted with the probate judge of the county; that he understood he was absent from home; that the book which he produced was the journal of permits kept by the probate judge; that it contained all the druggists' permits issued by the probate judge; that he had looked into the other journals kept by the probate judge, and had been unable to find any record of permits therein; that he had frequently heard the probate judge testify in liquor cases that all the records of permits were kept in the book produced by him; that the probate judge had another journal in which he kept the record of the business of his court; that he went into the office of the probate judge and got the book when the judge was not there; that there were other journals in his office; that the book contained nothing but blanks for recording druggists' permits; and thereupon, against the objection of the defendant, the court permitted such book or journal of permits to be introduced in evidence. *Held,* Error.

### *Appeal from Wyandotte District Court.*

AT the July Term, 1882, of the district court, *Cook* was sentenced to pay a fine of $100 and costs, for violating chapter 128, Laws of 1881. From this judgment he appeals. The opinion contains a sufficient statement of the facts.

*Buchan & Gray,* and *Hale & Miller,* for appellant.

*W. A. Johnston,* attorney general, for The State.

The opinion of the court was delivered by

HORTON, C. J.: The defendant, Lawson Cook, was charged with having sold intoxicating liquors without taking out and having a permit as provided in the prohibitory act of 1881. He was convicted of the offense alleged against him, and adjudged to pay.a fine of $100 and the costs. He brings the case here by appeal.

The first assignment of error is in allowing the name of the county attorney, one Gibson, to be indorsed upon the information after the commencement of the trial, and to the admission of said Gibson as a witness on the part of the state. When the defendant objected to the request for the name of this witness to be indorsed upon the information, the witness stated to the court that he had not expected to be used as a witness at the time of filing the information; that up to a short time before the commencement of the trial he had supposed he could prove the facts within his knowledge by R. E. Cable, whose name was indorsed as a witness upon the information, but he had discovered that R. E. Cable had not been subpenaed, and was then outside of the jurisdiction of the court. The court thereupon allowed the name of Gibson to be indorsed upon the information, and allowed him to testify on the part of the state. It was within the discretion of the court to permit the name of the witness to be indorsed on the information, and to allow him to testify over the defendant's objection. Sec. 67 of the criminal code reads:

"Informations may be filed during term-time, or within twenty days preceding the term, in any court having jurisdiction of the offense specified therein (except in cases of fugitives from justice, which may be filed with the clerk in vacation), by the prosecuting attorney of the proper county as informant. He shall subscribe his name thereto, and indorse thereon the names of the witnesses known to him at the time of filing the same. He shall also indorse thereon the names of such other witnesses as may afterward become known to him, at such times before the trial as the court may by rule or otherwise prescribe. All informations shall be verified by

the oath of the prosecuting attorney, complainant, or some other person."

In construing the provisions of this statute, it was said in *The State v. Dickson,* 6 Kas. 219:

"But as we understand it, there is nothing in them or any other statute which would have the effect of prohibiting a witness from testifying whose name had become known to the prosecution after the commencement of the trial, and without his name being indorsed upon the information at all. Nor do we think that such a prohibition, if it did exist, would as a rule be calculated to promote justice. Cases, as is well known to every practitioner at the bar, often occur where, during the progress of a trial, a necessity arises for the introduction of certain kinds of testimony which could not have been known or anticipated on the part of the prosecution before the commencement of the trial; as, for example, if it should be within the power of the prosecution, and justice should require the impeachment of a witness sworn on the defense, and such witness had been hitherto entirely unknown to the prosecuting attorney. In such a case the universal practice has been to call and examine witnesses without regard to their having been previously named and summoned, or even thought of."

In *The State v. Medlicott,* 9 Kas. 257, this decision was approved, and it was held not error in a criminal prosecution to permit a witness on the part of the state, whose name has become known to the prosecutor after the commencement of the trial, to testify, even though the name of the witness has not been indorsed upon the information. While the names of the witnesses upon the information will inform a defendant by whom it is expected the charge therein set forth is to be sustained, and thus enable him to some extent to prepare for his defense, and while it is the duty of the prosecuting attorney to indorse upon such information the names of the witnesses known to him at the time of the filing of the same and expected to be used upon the trial, yet the court in the furtherance of justice, within its discretion, ought to have the power, and in our opinion does have the power, to permit the name of any witness to be indorsed upon the information

at any time, even after the trial has actually commenced. Said § 67 is not a condition to the qualification of a witness. As a general rule the court should allow the names of the witnesses of the state to be indorsed upon the information after the commencement of the trial, if it be important so to do; but of course if the defendant is taken by surprise thereby, the court should extend to him all possible facilities for a fair, full and impartial trial, and if necessary may delay or even continue the hearing of the case until he has ample opportunity to prepare to meet the evidence of the witnesses indorsed upon the information after the commencement of the trial. The prosecution ought not to be defeated simply because the county attorney does not indorse the names of the witnesses at the time of the filing the information, or before the trial, for often, during the progress of the trial, a necessity arises for the introduction of evidence which could not have been anticipated on the part of the prosecution before the commencement thereof. If the court shall be convinced that the county attorney had purposely failed to indorse on the information the names of the witnesses known to him at the time of filing the same, to render it difficult for the defendant to prepare his defense, the court may, under such circumstances, within its discretion, refuse to grant the request of the county attorney to indorse on the information the names of the additional witnesses; but in all cases where the request to indorse the names of witnesses upon the information during the trial is made in good faith, and to promote justice, the court has the authority to grant the same, keeping in view the just administration of the criminal laws and the right of the defendant for reasonable time to prepare to meet unexpected evidence.

The second and third errors alleged concern the admission of certain evidence given by the witness Gibson, and the production of a book by him called the "journal of permits." Gibson testified among other things that he was "acquainted with R. E. Cable, the probate judge of Wyandotte county; that he understood he was away from home." A book was then presented to him, and he was asked "if he knew what

book it was." The witness answered "he did." The question was then asked "what book it was." Witness answered—

"It was the journal of permits kept by the probate judge; that it contained all the druggists' permits issued by the probate judge of Wyandotte county; that he had looked into the other journals kept by the probate judge, and had been unable to find any record of permits therein; that he had frequently heard Cable testify in liquor cases, and he had always testified that all of the records of permits were kept in this book."

Thereupon the defendant moved the court to strike out all of this testimony, but the court overruled the motion.

On cross-examination the witness testified as follows:

"The probate judge has another journal—one in which he keeps a record of the business of his court. R. E. Cable is the custodian of this book; I am not. I went into his office to-day and got the book; Cable was not there; there were other journals in his office; the one he kept the record of his court in was there; this book contained nothing but blanks for recording druggists' permits."

The defendant moved also to strike out this evidence. This motion was also overruled; and the state then offered in evidence the book produced by the witness as the journal of permits. To the introduction of this book the defendant objected. This objection was overruled.

Most of the evidence of Gibson was wholly incompetent, but some of it immaterial. That which was hearsay was prejudicial. Even if it were possible for the witness to identify the book produced by him, he was not competent to inform the court of its contents, or to state what was copied in the other journals of the probate judge; nor ought he to have testified as to the statements made by Cable in other cases. As the introduction of the journal of permits was preceded by and based upon hearsay and incompetent evidence, the book ought not to have been received.

It is claimed, however, that the county attorney is a competent witness to testify to the issuance or non-issuance of permits to sell intoxicating liquors, because § 20 of the pro-

hibitory act makes it the duty of the probate judge, when application is made to him for a permit to manufacture or sell such liquors, to notify the county attorney, who is to appear and advise with the probate judge with reference to the issuance of the permit and the approval of the bond. Notwithstanding this, the statute does not authorize a county attorney to issue any permit, or keep the records thereof. If he should advise the probate judge not to issue a permit, and the probate judge, contrary to his advice, should grant the permit, such permit would be undoubtedly valid within the statute. Again, if the probate judge should issue a permit without notifying or advising the county attorney, the permit would authorize the applicant to sell intoxicating liquors for the purpose named in the statute. The county attorney cannot have personal knowledge in all cases of the granting of permits, and he is not the person to testify of his own knowledge as to their issuance or non-issuance. In *The State v. Schweiter*, 27 Kas. 499, it was held, where the probate judge, who was acquainted with the defendant, testified he had not issued to him any permit to sell intoxicating liquors, that this was *prima facie* evidence that the defendant had no permit. This ruling rested upon the fact that the prohibitory act casts the duty respecting permits upon the person holding the office of probate judge, and provides that no permits can issue without the act of the judge. A county attorney is not the custodian of the journals or official records of the probate judge or of the probate court, and is not authorized to issue any permit, and therefore the rule adopted in *The State v. Schweiter*, supra, does not apply to a county attorney.

For the error pointed out, the judgment of the district court must be reversed, and the cause remanded for another trial.

All the Justices concurring.