The State v. Adams.

THE STATE OF KANSAS v. JAMES C. ADAMS.

44   135
55   608

44   135
52   534

1. INFORMATION — *Indorsement of Names of Witnesses — Discretion of Court.* It is within the discretion of the court trying a criminal cause to admit the testimony of witnesses whose names were not indorsed upon the information until the beginning of the trial, and the defendant has no cause to complain unless there has been an abuse of that discretion.

2. BEVERAGE, *Intoxicating Quality of — Evidence.* In a prosecution for the unlawful sale of intoxicating liquors, where a controversy arises as to the intoxicating quality of the beverage sold, testimony that the defendant had a jug of whisky in stock at his place of business about the time of the alleged sale, and that the persons who drank the beverage became intoxicated, tends to sustain the charge of the state, and is admissible in evidence.

3. ————— The testimony in the record is sufficient to sustain the conviction.

*Appeal from Republic District Court.*

THE opinion, filed on June 7, 1890, states the case.

*N. T. Van Natta,* and *Noble & Surface,* for appellant.

*L. B. Kellogg,* attorney general, *J. F. Close,* county attorney, and *B. T. Bullen,* for The State.

The opinion of the court was delivered by

JOHNSTON, J.: James C. Adams appeals from a conviction for the illegal sale of intoxicating liquors. The judgment was that he should be imprisoned in the county jail for thirty days, and pay a fine of $100 and the costs of prosecution.

At the beginning of the trial, the county attorney obtained

permission to indorse the names of two witnesses upon the information; and this is the first ground of complaint. It was within the discretion of the court to permit the indorsement, and to admit the testimony of the witnesses whose names were so indorsed. Unless there has been an abuse of this discretion — which is not shown in the present case — there is no cause for complaint. (*The State v. Cook*, 30 Kas. 82; *The State v. McKinney*, 31 id. 570; *The State v. Taylor*, 36 id. 329; *The State v. Dowd*, 39 id. 412; *The State v. Reno*, 41 id. 674.)

The testimony on which the conviction rests is that the appellant sold a drink called "cider," which produced intoxication. There is some controversy as to whether it was intoxicating in its effects, or not, but there is sufficient evidence to sustain the affirmative finding of the jury. To establish the character of the liquor, and that it was illegally sold, the state offered testimony, in connection with the other evidence, showing that about the time of the alleged unlawful sale the appellant had a jug of whisky in his place of business, and that he was heard to admit that he was selling the same. Testimony was also received to the effect that those who drank the beverage sold by the appellant became drunk. There was no error committed in the admission of this testimony. There was a controversy in regard to the intoxicating quality of the liquor prepared and sold by the defendant, and the fact that he had a jug of whisky in stock, which was unquestionably intoxicating, and that those who drank the beverage prepared and placed on sale by him became intoxicated, tended to support the charge of the state. (*The State v. Pfefferle*, 36 Kas. 90.)

The allusion of counsel for the state in his opening argument to the price of cider was improper under the testimony, but we do not regard it to be of so prejudicial a character as to require a reversal.

Judgment affirmed.

All the Justices concurring.