THE STATE OF KANSAS v. S. M. RATNER.

1. INSTRUCTIONS, *Not in Record.* Instructions given by the court in a criminal case, not preserved by a bill of exceptions, form no part of the record, and cannot be considered on an appeal to the supreme court. (*The State v. Smith*, 38 Kas. 194.)

2. INFORMATION — *Objection, too Late.* An information charging that at a certain time and place the defendant "did then and there unlawfully sell and barter spirituous, malt, vinous, fermented, and other intoxicating liquors, contrary to the statute in such cases made and provided," and to which no objection for indefiniteness was made before or during the trial, will not be held bad after verdict upon a motion in arrest of judgment.

*Appeal from Kingman District Court.*

PROSECUTION for unlawfully selling intoxicating liquors. From a conviction at the April term, 1890, the defendant, *Ratner,* appeals.

*Ashbaugh & Steck,* for appellant.

*L. B. Kellogg,* attorney general, and *Linn D. Hay,* county attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: S. M. Ratner was accused of the unlawful sale of intoxicating liquors. The information contained eleven counts, but he was convicted only upon the tenth count, in which it was alleged that at a certain time and place he "did then and there unlawfully sell and barter spirituous, malt, vinous, fermented, and other intoxicating liquors, contrary to the statutes in such cases made and provided." He appeals, and now insists that the case was submitted to the court upon an erroneous theory. He claims that he was simply charged with an unlawful sale, but that the court instructed the jury that he was on trial for having sold liquor to a person in the "habit of becoming intoxicated." It is said to have been admitted on the trial that the appellant was a duly-registered pharmacist, holding a legal permit to sell intoxicating liquors;

that the sales were made on proper applications, under oath, to William Armstrong; and that the only issue submitted to the jury by the charge was whether William Armstrong was a person in the habit of becoming intoxicated. There is no evidence preserved in the record, and the charge of the court, to which alone we are referred to substantiate the appellant's claim, is not properly in the transcript. A certified copy of what purports to be a charge of the court is attached to the transcript, but it is not embodied in a bill of exceptions, and it can only become a part of the record by means of a bill of exceptions. (*The State v. Smith*, 38 Kas. 194.) The record therefore does not sustain the error assigned.

There was no error in overruling the motion in arrest of judgment. While the offense is charged in general terms, it must be held sufficient as against such a motion. A motion to quash was filed in the case, but it was not directed against the count under which the conviction was had, and no objection was made that the charge was indefinite before or during the trial, nor until after a verdict of guilty had been returned, when the motion in arrest of judgment was made. If the attention of the court had been called to the indefiniteness of the charge, it probably and properly would have required the state to describe the offense with greater particularity. The fact that a charge in an information is stated in general terms will usually not be held bad after verdict and judgment, although it might have been held insufficient on a demurrer or motion to quash; and the information in the present case cannot be held fatally defective upon an objection made after the verdict. (Gen. Stat. of 1889, ¶ 2540; *The State v. Knowles*, 34 Kas. 393; *City of Kingman v. Berry*, 40 id. 625.)

The judgment of the district court will be affirmed.

All the Justices concurring.