| 50 | 365 |
| 51 | 177 |
| 50 | 365 |
| 54 | 228 |

## The State of Kansas v. W. L. Tanner.

INTOXICATING LIQUORS — *Sale by Pseudo-Druggist—Information.*  An information charging that at a certain time and place the defendant, "being then and there a person not lawfully and in good faith engaged in the business of a druggist, did then and there unlawfully sell and barter spirituous, malt, vinous, fermented and other intoxicating liquors," being within the language of ¶ 2527, Gen. Stat. of 1889, is sufficient; but in such a case it is the duty of the prosecution to show that the defendant, although having a permit, "is not a person lawfully and in good faith engaged in the business of a druggist." Under the clause referred to, the legislature intended to punish that class of persons who would be likely to go into the drug business solely for the purpose of selling liquor, and to prohibit sales by such persons, even though they should succeed in obtaining permits to make sales.

*Appeal from Pawnee District Court.*

THE facts appear in the opinion.

*C. N. Sterry* and *G. P. Cline,* for appellant:

Upon the close of the state's evidence, the defendant moved the court, as to each count, to require the prosecution to elect on which sale, or proof of sale, it would stand in support of said count, each of which motions was at the time overruled. That the overruling of this request was prejudicial error, under the repeated decisions of this court, can, it seems to us, be no longer questioned. See *The State v. Crimmins,* 31 Kas. 379; *The State v. Burns,* 35 id. 387; *The State v. Schweiter,* 27 id. 500; *The State v. Guettler,* 34 id. 584. See, also, *The State v. Whisner,* 35 Kas. 271; *The State v. Lawson,* 45 id. 339.

*John N. Ives,* attorney general, *A. T. Casey,* county attorney, and *Elrick C. Cole,* for The State:

Under any decisions of this court, the state was not required to make an election of the precise and definite character which the defendant demanded; and when the state offered to elect 24 sales upon which it would rely for a conviction, it did all that it is required to do under the rule laid down; (*The State v. Crimmins,* 31 Kas. 376;) and the neglect of the defendant to avail himself of this election was a waiver of his rights.

The opinion of the court was delivered by

HORTON, C. J.: W. L. Tanner was convicted of selling intoxicating liquors upon 12 counts and sentenced to pay a fine of $100 and to 30 days' imprisonment on each count. He appeals. The information, containing various counts, was filed under the provisions of ¶ 2527, Gen. Stat. of 1889, which reads:

"Any person without taking out and having a permit to sell intoxicating liquors, as provided in this act, or any person not lawfully and in good faith engaged in the business of a druggist, who shall directly or indirectly sell or barter any spirituous, malt, vinous, fermented, or other intoxicating liquors, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than $100 nor more than $500, and be imprisoned in the county jail not less than

30 days nor more than 90 days." (Crimes Act, Gen. Stat. of 1889, § 386, p. 752.)

Each count alleged that W. L. Tanner, "being then and there a person not lawfully and in good faith engaged in the business of a druggist, did then and there unlawfully sell and barter spirituous, malt, vinous, fermented, and other intoxicating liquors." The defendant filed a motion to require the information to be amended so as to show all the facts which made the sale charged in each count unlawful. This was overruled, and excepted to. Thereupon the defendant filed his motion to quash the information and each count thereof. This motion was overruled, and excepted to. Subsequently, the defendant objected to the introduction of any evidence under the information, because the same did not state a public offense. This was also overruled, and excepted to. Complaint is made of all these rulings, but we think without sufficient cause.

Paragraph 2527, referred to, creates two separate and distinct crimes in relation to the sale of intoxicating liquors. The one is, that "any person, without taking out and having a permit to sell intoxicating liquors as provided in this act, . . . who shall, directly or indirectly, sell or barter any spirituous, malt, vinous, fermented or other intoxicating liquors, shall be deemed guilty of a misdemeanor," etc. The other is, "any person, not lawfully and in good faith engaged in the business of a druggist, who shall, directly or indirectly, sell or barter any spirituous, malt, vinous, fermented or other intoxicating liquors, shall be deemed guilty of a misdemeanor." The information is based upon the last provision, but charges the offense in the language of the statute. This is generally sufficient in an information charging a misdemeanor. (*The State v. Schweiter*, 27 Kas. 499; *The State v. Nickerson*, 30 id. 545.) Under the first clause of the paragraph, a person is guilty, who, without having a permit to sell intoxicating liquors, directly or indirectly sells or barters the same. Under the other clause, a person having obtained a permit as a druggist, but who, at the time of selling the intoxicating li-

quors, is "not lawfully and in good faith engaged in the business of a druggist," violates the statute.    Under the last clause, evidence should be produced showing that the person charged is "not lawfully and in good faith engaged in the business of a druggist."    The legislature intended to punish that class of persons who would be likely to go into the drug business solely for the purpose of selling liquors, and to punish and prohibit sales by such persons, even though they should succeed in obtaining permits to make sales.    We do not think the clause referred to was intended to embrace druggists selling intoxicating liquors upon defective applications, or otherwise irregularly, in violation of ¶¶ 2524 and 2529, Gen. Stat. of 1889.

The next complaint against the rulings of the trial court is more serious.    Upon the trial, the evidence tended to show from 30 to 40 or more sales by the defendant during the time embraced in the information.    After all of the evidence of the prosecution had been introduced, the defendant moved the court upon each count to require the prosecution to elect on which sale or proof of sale it would stand in support of the count.    Each of these motions was overruled.    The prosecution finally offered, after the overruling of these motions, to elect 24 sales upon which it would rely for conviction, but did not otherwise elect or designate the sales.    No further action was taken in that regard.

It has been frequently decided by this court: "Upon a criminal trial, that where the state has offered evidence tending to prove several distinct and substantive offenses, it is the duty of the court, upon the motion of the defendant, to require the prosecutor, before the defendant is put upon his defense, to elect upon which particular transaction the prosecutor will rely for a conviction." (*The State v. Schweiter*, 27 Kas. 499; *The State v. Crimmins*, 31 id. 376; *The State v. Guettler*, 34 id. 582; *The State v. Burns*, 35 id. 387.)    If an information is verified upon belief, and the verified statements of witnesses examined by the county attorney are attached to and filed with the information, an instruction that the prose-

cution should be limited to the sales testified to in the affidavits filed should be given. (*The State v. Whisner,* 35 Kas. 271; *The State v. Lawson,* 45 id. 339.)

On account of the refusal of the court to require the prosecutor to elect on which sale or proof of sale it would stand in support of each count, the judgment is reversed, and the cause remanded.

All the Justices concurring.