THE STATE OF KANSAS v. P. J. M. BURKETT.

1. INTOXICATING LIQUOR—*Illegal Sale*—*Insufficient Information.* Where an information charges the defendant simply with an unlawful sale of intoxicating liquors, and does not state either that the defendant had no permit to sell, or that, having a permit, he sold in a manner prohibited by law, and where such information is attacked at the proper time by a motion to quash, *held*, that such information is insufficient, and that such motion should have been sustained.

2. STATUTE—*Rights of Defendant.* The statute prohibiting the unlawful sale of intoxicating liquors defines several different offenses, and a defendant who is charged with an unlawful sale is entitled to have the information state the particular kind of offense for which he is to be tried, when he challenges the attention of the court to the defect in the information at the proper time.

*Appeal from Kingman District Court.*

PROSECUTION for a violation of the prohibitory liquor law. From a verdict of guilty and a judgment thereon, at the September term, 1892, the defendant, *Burkett*, appeals. The opinion states the facts.

*C. W. Fairchild*, for appellant; *Gillett Bros. & Co.*; of counsel:

The motion to quash the first three counts of the information should have been sustained. The information was indefinite and uncertain, and the counts referred to did not negative the presumption of sales according to law. In short, the exceptions mentioned in the statute were not negatived; and hence, as far as the case at bar was concerned, the information stated no offense against the statute of the state of Kansas. *The State v. Ratner*, 44 Kas. 429.

*John T. Little*, attorney general, and *Emmett Tiffany*, for The State:

That the information is sufficient without containing the negatives, see: *The State v. Whisner*, 35 Kas. 273; *The State v. Nickerson*, 30 id. 546; *The State v. Schmidt*, 34 id. 399. In all these cases the information was held to be good, and the

exceptions were not negatived. We therefore conclude that the information was sufficient, and that the court committed no error in overruling defendant's motion to quash.

The opinion of the court was delivered by

ALLEN, J.: The defendant appeals from a judgment sentencing him to fine and imprisonment for a violation of the prohibitory law. The jury found him guilty as charged in the third count of the information. This count charges that the defendant "did then and there unlawfully sell and barter spirituous, malt, vinous, fermented and other intoxicating liquors, contrary to the statute in such cases made and provided." The sufficiency of the information was challenged by a motion to quash, refusal to plead, and objection to the introduction of any testimony, as well as by a motion in arrest of judgment. It will be observed that no words are used in that count of the information under which the conviction was had negativing the exception clause in the statute, but that the defendant is charged simply with having unlawfully sold intoxicating liquors. In what particular the sale was unlawful is not pointed out by the information. Under our statute, an offense may be committed through the sale of intoxicating liquors in various ways. If a person sell without having a permit to sell intoxicating liquors, he is guilty, no matter what the purpose be for which the liquor is sold, under the first clause of § 386 of the crimes act; or, any person not lawfully and in good faith engaged in the business of a druggist, who shall sell, is guilty under the second clause of that section. A druggist having a permit to sell intoxicating liquor, who shall sell otherwise than in the manner and for the purposes mentioned in the act, may be convicted under § 338. While many of the strict rules which formerly obtained in criminal pleadings have been done away with, § 103 of the code of criminal procedure still requires that the indictment or information must contain "a statement of the facts constituting the offense in plain and concise language, without repetition." Does this information contain such a

statement? We are cited by counsel for the state to the cases of *The State v. Whisner*, 35 Kas. 273; *The State v. Nickerson*, 30 id. 546; *The State v. Schmidt*, 34 id. 399, as authorities in favor of the sufficiency of this information. In each of these cases, however, we find that the information charged the defendant with selling without a permit.

In the case of *The State v. Ratner*, 44 Kas. 429, the defendant was charged, as in this case, simply with an unlawful sale of intoxicating liquors, but no objection was raised to the form of the information till after the verdict, when it was challenged on a motion in arrest of judgment. Mr. Justice JOHNSTON, in speaking for the court said:

" If the attention of the court had been called to the indefiniteness of the charge, it probably and properly would have required the state to describe the offense with greater particularity; the fact that a charge in an information is stated in general terms will not be held bad after verdict and judgment, although it might have been held insufficient on a demurrer or motion to quash, and the information in the present case cannot be held fatally defective after objection made after the verdict."

In the case of *The State v. Tanner*, 50 Kas. 365, the defendant was charged with an unlawful sale, being not lawfully and in good faith engaged in the business of a druggist. It was held by this court, Chief Justice HORTON delivering the opinion, "that in such a case it is the duty of the prosecution to show that the defendant, although having a permit, is not a person lawfully and in good faith engaged in the business of a druggist;" that a defendant could only be convicted of the particular offense with which he stood charged, and that the proof should be limited to the matters charged in the information. While we have no disposition to destroy the force of the statute by nice technicalities, and while this court has upheld and enforced the law in full compliance with its spirit, we are constrained to declare that the defendant who challenges the sufficiency of an information filed against him in due time is entitled to know the precise charge

that is made against him, and to know in what particular it is claimed a sale of intoxicating liquors made by him is illegal.    We do not care to nicely discuss the question stated by counsel as to the necessity of negativing exception clauses contained in statutes.    What we do hold is, that the information must show in what particular it is charged the defendant violated the law.    We deem it unnecessary to consider the other matters brought to our attention.

Because of the insufficiency of the information, the judgment will be reversed.

All the Justices concurring.