## THE STATE OF KANSAS v. DINK LOOKER.

1. INTOXICATING LIQUORS—*Illegal Sales*—*Sufficiency of Information.* A charge in an information, substantially in the language of the statute, that the defendant, who, not being "lawfully and in good faith engaged in the business of a druggist," did, at a certain time and place, sell intoxicating liquors, is sufficient.

2. INFORMATION— *Objection, not Substantial.* The first count of the information after the formal part proceeds: "Now, therefore, I, Samuel S. Smith, county attorney of Dickinson county, in the state of Kansas, in the name and by the authority of the state of Kansas, come now here and give the court to understand," etc.; and the second and third counts, instead of giving the name and office of the county attorney as above set forth, proceed: "And I further give the court to understand," etc. At the end of the information the county attorney attached his official signature and verification. *Held,* That the failure to give the name of the county attorney in the beginning of the second and third counts is not a substantial objection.

3. ——— *Void Statute.* Chapter 199 of the Laws of 1889, which purports to amend the law relating to the release of persons imprisoned for failure to pay fine and costs, and who are unable to pay the same, is unconstitutional and void.

### *Appeal from Dickinson Distrirt Court.*

DINK LOOKER, whose real name is unknown, was convicted of selling intoxicating liquor contrary to law. He appeals. The material facts appear in the opinion herein, filed November 10, 1894.

*Robert H. Kane,* for appellant.

*John T. Little,* attorney general, and *Samuel S. Smith,* county attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: Dink Looker was charged in an information containing three counts with violations of the prohibitory liquor law, and he was convicted on the first and second counts. In each count it was charged that, although he was "not lawfully and in good faith engaged in the business of a druggist,"

he did, at a certain time and place, sell intoxicating liquors. The defendant contended in the court below, and contends here, that the information was insufficient in failing to allege in any of the counts that the sales were made without a permit to sell intoxicating liquors. It is evident that the charge was made under that clause of the statute which provides that a person who sells intoxicating liquors, who is not lawfully and in good faith engaged in the business of a druggist, shall be guilty of a misdemeanor. (Gen. Stat. of 1889, ¶ 2527.) This is a distinct provision from the one which prohibits and punishes a sale without taking out and having a permit to sell intoxicating liquors, and as the information charges the offense in the language of the statute, the motion to quash was properly overruled. (*The State v. Tanner*, 50 Kas. 365.)

Another objection to the information is, that the second and third counts of the information are incomplete, in that they fail to show that they were presented by the county attorney. After the formal part of the information, the first count proceeds: "Now, therefore, I, Samuel S. Smith, county attorney of Dickinson county, in the state of Kansas, in the name and by the authority of the state of Kansas, come now here and give the court to understand," etc. The second and third counts, instead of giving the name and office of the county attorney as above set forth, proceed: "And I do further give the court to understand," etc. There is nothing substantial in this objection. At the end of the information the county attorney signs his name, and, in addition to the official signature, he verifies it, and swears that the allegations and averments set forth in the above information are true.

A more serious objection is the one attacking the validity of the prohibitory liquor law, in that it provides an indefinite sentence for the violation of its provisions. Upon conviction, the penalty adjudged is a fine and costs, with the further provision that the person against whom such fine and costs are assessed shall be committed to the jail of the county until they are paid. (Gen. Stat. of 1889, ¶ 2538.) Under chap-

ter 199 of the Laws of 1889, the legislature undertook to provide for the release of all persons imprisoned for failure to pay any fine or costs when they were unable to pay the same, and therein made the express exception of those who were held for fine and costs imposed for violation of the prohibitory laws of the state. Upon these provisions, it is claimed that if a person convicted under this law is unable to pay the fine and costs he may be imprisoned for and during his natural life; that, as there is no authority for the discharge of such a prisoner, there is no limitation to the duration of his imprisonment; and so it is urged that, as an indefinite sentence may not be imposed, nor excessive nor unusual punishment inflicted, a law imposing such penalty should be held to be void. A plausible argument to sustain this view was made in behalf of the defendant, and there would be great force in his contention if chapter 199 of the Laws of 1889 could be treated as a valid law. From its subject-matter, it appears to be an attempt to amend chapter 117 of the laws of 1871, which authorizes the release of prisoners who are unable to pay fine and costs. Evidently the legislature of 1889 attempted to change this statute by excepting from its provisions those who were imprisoned for violations of the prohibitory laws. It was an unsuccessful attempt. Instead of amending chapter 117 of the laws of 1871, which treats upon this subject, the legislature provided for amending chapter 147 of the laws of 1871, and looking at that chapter we find it to be a special act setting aside a public park in the town of Auburn, in Shawnee county, for a school site on which to erect a public-school building. The title to chapter 199 of the laws of 1889 is wholly inappropriate to the subject-matter contained in the act. It is "An act to amend section one of 'An act relating to the release of persons confined for failure to pay any fine or costs, and amendatory of section 1 of chapter 147 of the session laws of 1871.'" This title purports to give the title of the original act, but strangely enough that which is given is neither the title of chapter 147 nor of chapter 117 of the laws of 1871. As the title utterly fails to ex-

press the subject of the act, the statute and every provision therein is absolutely void. This statute being held to be invalid, chapter 117 of the Laws of 1871 is an existing law, and as it contains no exceptions, there is no force in the objection made by the defendant.

The judgment of the district court will be affirmed.

All the Justices concurring.