## The State of Kansas v. John R. Conley.

1. CONTINUANCE — *When to be Granted.* An application for a continuance upon the ground of an absent witness should, upon a good cause shown, be heard at any stage of a proceeding; and, if sufficient, a continuance should be granted, unless the adverse party will consent that the facts alleged therein may be read and treated as the deposition of the absent witness.

2. PROHIBITORY LIQUOR LAW — *Information, When Insufficient.* Where an information charges the defendant, in general terms, with having sold intoxicating liquors contrary to the prohibitory law, and the information further alleges that the defendant had a permit issued by the probate court of the proper county, and said information is attacked at the proper time by motion, *held*, that such information is insufficient.

3. ——— *Erroneous Instruction.* Instructions in a criminal prosecution should run to the facts that are in evidence, and to all probable interpretations of them, but not to questions which are not in fact presented by the evidence. And where the information filed alleges that the defendant had a permit, and charges him with selling intoxicating liquor under a permit, and does

not allege that the permit so granted to, and held by him, is illegal or invalid nor in any manner attack said permit, an instruction which conveys to the jury the impression that they may find the defendant guilty of any sale, regardless of the existence of the permit, is erroneous.

4. EVIDENCE — *Verdict, not Supported.*  The evidence in this case examined, and *held* to be insufficient to support the verdict against the defendant, Conley.

MEMORANDUM.— Appeal from Wyandotte court of common pleas ; THOMAS P. ANDERSON, judge.    Prosecution for a violation of the prohibitory liquor law. The defendant, John R. Conley, appeals from a judgment against him on February 27, 1895.    Reversed. The material facts are stated in the opinion herein, filed September 18, 1895.

*John A. Hale,* for appellant.

*F. B. Dawes,* attorney general, *Samuel C. Miller,* county attorney, and *I. F. Bradley,* deputy county attorney, for The State.

The opinion of the court was delivered by

GILKESON, P. J. :  This was a criminal prosecution under the prohibition law.    The information was filed in the court of common pleas of Wyandotte county, on the 8th day of August, 1892, attempting to charge the defendants, J. R. Conley and W. O. Goodwell, jointly, in six separate counts, with six separate violations of said law.    The offense was charged as having been committed on the — day of July, 1892.    The information was sworn to positively by M. A. Spangler, as a private citizen, and verified by the information and belief of W. J. Morse, as deputy county attorney of said county.    The verification shows that the county attorney was at the time absent from the state.    The defendant, J. R. Conley, made several mo-

tions, among which were a motion for a continuance, to quash the information, in arrest of judgment; and he also objected to the introduction of any testimony under each and every count of the information. All of said motions and the objection were overruled by the court, and excepted to by the defendant. The record does not show that the defendant, Conley, was ever arraigned or pleaded or refused to plead. A trial was had before a court and a jury, as to defendant Conley. What became of defendant Goodwell, after his arrest, the record does not show; nor does it show that he was ever present during the trial, or that a separate trial was demanded by defendants, and allowed by the court. After the testimony was introduced, the state elected to rely for a conviction upon the first count, viz.: "Maintaining a nuisance by defendants, as charged," and upon the second, "the sale of beer to R. E. Gilbert, in July, 1892." The jury found both defendants guilty upon the said first and second counts, and not guilty as to the other four counts of the information. Defendant Conley moved for a new trial upon various grounds, which motion was overruled by the court, and defendant excepted. On the 27th day of February, 1895, (over two years after the verdict was returned,) the court sentenced the defendant, Conley, "to confinement in the county jail for 90 days, and to pay a fine of $500 and costs of prosecution, and to stand committed until such fine and costs were paid; and that he be sentenced upon the second count in said information, of which he was, found guilty, to confinement in the county jail for the term of 60 days, and that he pay a fine of $200 and costs of prosecution;" to which sentence and judgment the defendant excepted, and now appeals to this court.

There are numerous errors, but we will only refer to the more important.   We think the application for time to complete the motion for a continuance should have been granted, and, when so completed, the defendant should have been allowed to present it to the court; and the refusal to allow him to present the same was unreasonable, unjust, and contrary to the liberal spirit of our code, which provides that "the court may for good cause shown continue an action under any stage of the proceedings."   (¶ 4411.)

The next error complained of which we will notice is the overruling of defendant's motion "to make the information more definite and certain, so that he may be advised of the nature of the charge against him." Both counts of the information relied upon by the state for conviction are drawn in general terms, are defective and indefinite, and do not state the particular kind of offense for which the defendant was tried. The information charges in both counts that the defendant had a permit, and, in the first count, charges generally that the defendant, then and there, at the time and place specified, unlawfully did keep and maintain the place where intoxicating liquors were, and have been, and still are, continuing to be sold, bartered, and given away in violation of an act of the legislature of the state of Kansas entitled "An act relating to the sale of intoxicating liquors," approved March 5, 1887, to the common nuisance of the citizens and people of the state of Kansas.   The sufficiency of this first count was challenged by motion, and also by objection to the introduction of any testimony thereunder, as well as by motion in arrest of judgment.  This is a general charge.   In what particular the sales were unlawful is not pointed out by the

information. Under our statutes an offense may be committed through the sale of liquor in various ways, and so a place may become a nuisance under our statutes by sales of liquors therein in various ways and different manners. A druggist, having a permit, who shall sell otherwise than in the manner and for the purposes mentioned in the act, who may sell to minors or to a person in the habit of becoming intoxicated, may be guilty of an offense, and, by continuing so to do, his place of business may become a nuisance. While many of the strict rules which formerly obtained in criminal proceedings have been done away with, § 103 of the code of criminal procedure still requires that the information must contain "a statement of the facts constituting the offense, in plain and concise language, without repetition." (*The State v. Burkett*, 51 Kas. 175.)

The second count is quite as indefinite, charging in a general way that these parties "sold and bartered for other than mechanical, medicinal and scientific purposes, contrary to the statutes." In what particular they were sold for other than the excepted purposes, or how they were sold contrary to the statutes, is not pointed out. Did defendants sell without being registered pharmacists, without an affidavit in the proper form? Did they make more than one sale or delivery on any one affidavit, or in any other manner which makes sales illegal under the statutes? Neither of these counts contains such a statement.

In the case of *The State v. Ratner*, 44 Kas. 429, where it was admitted that the defendant was a duly-registered pharmacist, holding a legal permit to sell intoxicating liquors, no objection was raised to the form of the information until after the verdict, when it was

challenged by motion in arrest of judgment.　Mr. Justice Johnston, in speaking for the court, says:

"If the attention of the court had been called to the indefiniteness of the charge, it probably and properly would have required the state to describe the offense with greater particularity.　The fact that a charge in an information is stated in general terms, will usually not be held bad after verdict and judgment, although it might have been held insufficient on a demurrer or motion to quash."

As has been said by Mr. Justice Allen, in *The State v. Burkett*, 51 Kas. 175:

"While we have no disposition to destroy the force of the statute by nice technicalities, . . . we are constrained to declare that the defendant who challenges the sufficiency of an information filed against him in due time is entitled to know the precise charge that is made against him, and to know in what particular it is claimed a sale of intoxicating liquor made by him is illegal."

The other error complained of is the giving of certain instructions.　We think the court erred in giving paragraph 19 of the instructions, to-wit:

"If you find from the evidence that there is a drug-store kept in the premises or part of them described in the information, and such drug-store is owned by some other person or persons or corporation than the defendants, or either of them, then I say to you a druggist's permit issued by the probate judge of Wyandotte county to any person other than the real owner of such drug-store would not authorize any sale of intoxicating liquors for any purpose or by any person.　A druggist's permit can only issue lawfully to a person actually engaged himself in the business as druggist on his own behalf."

While it is true that a permit issued illegally would not protect the party selling under it, yet, before the

9—APP.

legality or illegality of a permit can be questioned, it must be alleged. But in the case at bar, no such averment is made. On the contrary, the state has alleged that the defendants had a permit, and no question is raised in the information as to its regularity or validity, and they are attempted to be charged with selling liquors as druggists having a permit, but selling contrary to the law governing sales under a permit. And the instructions so given would practically say to the jury that they would be warranted in finding the defendants guilty if the testimony should show any sale had been made, without reference to the manner in which it was made, or even if made upon an application as provided by statute.

We have carefully examined the testimony in this case, and must hold that the verdict was not supported by sufficient evidence. In fact, there is no evidence to warrant a conviction of the defendant, Conley, upon either of the counts in the information. It is true there is some evidence of sales having been made at the place described on the 23d day of July, 1892, but whether they were made upon application or affidavit is not shown. They were made within a few moments of each other, and these are the only sales shown. There is no evidence that Conley ever directed, or ratified, or had any information or knowledge of any of these sales having been made, or that the party making them was in his employ or under his control, or that he was either owner or joint owner of the place of business; and that he was not present when the sales were made is undenied. We deem it unnecessary to consider the other matters brought to our attention.

For the reasons herein set forth, the judgment will be reversed, and the case remanded to the court of

common pleas of Wyandotte county, with instructions to sustain the motion to quash, and that further proceedings be had in this case in accordance with the views herein expressed.

All the Judges concurring.