THE STATE OF KANSAS v. FRANK HARLAN.

No. 588. (58 Pac. 274.)

INTOXICATING LIQUORS—*Permit to Sell—Evidence.* "In a prosecution for selling intoxicating liquors without a permit, it is not necessary, since the enactment of chapter 149 of the Laws of 1885, for the state, in the first instance, to prove that the party charged did not have a permit to sell intoxicating liquors for the excepted purposes." (*The State v. Crow*, 53 Kan. 622, 37 Pac. 170.)

Appeal from Allen district court; L. STILLWELL, judge. Opinion filed September 19, 1899. Affirmed.

*G. R. Gard*, county attorney, and *Amos & Morse*, for The State.

*Frank Harlan*, for appellant.

The opinion of the court was delivered by

SCHOONOVER, J. : The appellant was charged by indictment in the district court of Allen county with violation of the prohibitory law, and was tried and convicted. He now appeals to this court.

It is charged in the indictment "that the appellant did not have a permit from the probate judge of Allen

The State v. Harlan.

county to sell intoxicating liquor." The contention of appellant is, that there is no testimony in the record tending to sustain this allegation.

Counsel for appellant in his brief says : "Where an information charges a defendant with unlawfully selling intoxicating liquors without having a permit therefor, it is incumbent upon the prosecution to prove by competent evidence, beyond a reasonable doubt and to a moral certainty, that the defendant had no permit at the time of the alleged offense, in order to sustain a verdict of guilty."

In support of this proposition, our attention is called to the cases of *The State v. Schweiter*, 27 Kan. 499 ; *The State v. Nye*, 32 Kan. 201, 4 Pac. 134. In considering this question, Justice Johnston, of the supreme court, in the case of *The State v. Crow*, 53 Kan. 622, 37 Pac. 170, says :

"Before the passage of chapter 149 of the Laws of 1885, the burden of proving a want of permit was upon the state. By section 14 of the act mentioned it was specifically provided that 'it shall not be necessary in the first instance for the state to prove that the party charged did not have a permit to sell intoxicating liquors for the excepted purposes.' It was competent for the legislature to provide that the prosecution is not bound to produce evidence in support of a negative allegation that the sale was made without a permit."

The other errors assigned are not sufficient to require a reversal. The judgment of the district court is affirmed.