THE STATE OF KANSAS, *Appellee,* v. L. W. LABORE, *Appellant.*

No. 16,527.

CRIMINAL LAW — *Information—Objections Not Specific—Sentence—Duration.* In a prosecution under the prohibitory law objections to the information held not to have been sufficiently presented in the district court to warrant their consideration or review; and a sentence of confinement for *three months* from February 27 held not to be void under a statute fixing a penalty of from thirty to *ninety* days' imprisonment.

Appeal from Decatur district court; WILLIAM H. PRATT, judge. Opinion filed November 6, 1909. Affirmed.

*J. F. Peters,* for the appellant.

*Fred S. Jackson,* attorney-general, and *H. O. Caster,* county attorney, for the appellee.

*Per Curiam:* It may be conceded that the information was defective in form because it charged the offense in general terms, and if the attention of the court had been called to this the state would doubtless have been required to make the charge more definite. The motion to quash set up the usual grounds in general terms. When asked by the court to point out the de-

fects in the information counsel for the appellant declined to do so, saying that the motion was formal and that he knew of no particular defect. By declining to enlighten the court in respect of his contentions he must be held to have waived them. (*The State v. Everett,* 62 Kan. 275.) And for the same reason he can not be permitted to question the sufficiency of the information by a motion for a new trial. (*The State v. Ratner,* 44 Kan. 429.)

The appellant was adjudged to pay a fine of $300 and to be confined in the county jail for a term of three months from the 27th day of February, 1909. The section of the prohibitory liquor law (Gen. Stat. 1901, § 2457) under which he was convicted provides for imprisonment in the county jail "not less than thirty days nor more than ninety days." Three months from the 27th day of February, 1909, would expire on the 27th day of May, 1909, and this would make a total of eighty-nine days. The appellant gets off with one day less than if the court had followed the words of the statute.

The judgment is affirmed.