### Benjamin Hill v. The People.

*Criminal law: Information: Indorsing names of witnesses.* On the trial of a criminal cause, it is not error under our statutes providing for the indorsement of names of witnesses upon the information, etc., to permit a witness whose name has not been so indorsed, to be sworn on behalf of the people, upon a showing by the prosecuting attorney that he was not apprised that the person called was a material witness before the trial commenced, or until the very time of calling him to the stand.

*Submitted on briefs January 10.    Decided April 9.*

Error to Bay Circuit.

*John McNamara,* for plaintiff in error.

*Byron D. Ball, Attorney General,* for the People.

CHRISTIANCY, CH. J.

The plaintiff in error was tried and convicted in the circuit court for Bay county, for burglary.

After several witnesses had testified on the part of the people, and before the prosecution had rested, the prosecuting attorney called one William Grandy as a witness. The defendant (plaintiff in error) ·objected to his being sworn, and to his competency, because his name was not indorsed upon the information upon which he was being tried. But, it being satisfactorily shown to the court, that the prosecuting attorney was not apprised that Grandy was a material witness before the trial commenced, nor until the time he was thus called, the court permitted his name to be then indorsed on the information; and the witness was sworn, and testified to admissions made to him by the defendant, tending to prove his guilt. The admission of this evidence is the only error assigned.

The common law did not require the names of any of the witnesses to be indorsed upon the indictment, for any purpose connected with the trial. But, as the witnesses who were to testify before the grand jury, were sworn in open court before they were sent before the grand jury, a list of the witnesses intended to be examined before that jury, was required to be indorsed on the back of the bill, as drawn up to be laid before them. This was required for two purposes: *First,* That the crier or other officer whose duty it was to swear the witness, might know who were to be called and sworn, and that he might certify to their being sworn, which he did, by adding after their names, "sworn in court;" and *second,* that the grand jury

26 MICH.—63.

might know what witness to call, and who had been sworn. —See *Archbold's Cr. Pl., by Waterman, 98; 1 Chitty's Cr. L., 318.*

In this mode, it is true, a defendant indicted for a misdemeanor, incidentally got the benefit of a list of the witnesses who had testified before the grand jury; because, in cases of misdemeanor he was entitled to a copy of the indictment; but in cases of felony, he failed to receive even this incidental benefit, as in such cases he was not entitled to a copy of the indictment.—*1 Chitty's Cr. L., 303–305.*

But our statutes have adopted a fairer and more humane principle; and *section nineteen of chapter 164 of the Revised Statutes of 1846 (Comp. L., 1871, § 7897),* while it recognizes the right of the prosecution to avail itself of any testimony besides that given before the grand jury, and all subsequently discovered evidence, provides that, "Indictments found by a grand jury, with the names of the complainant and all the witnesses indorsed on the back thereof, shall be presented by the foreman," etc. This provision clearly applies only to the witnesses sworn before the grand jury; and would not prevent the calling of any other witnesses, though their names were not so indorsed.—*Commonwealth v. Locke, 14 Pick., 485;* and by *section twenty-two of the same chapter,* all persons indicted for any offense, after being arrested, or having recognized to appear, are entitled to "a copy of the indictment and of all indorsements thereon."

By the act of 1859, "to provide for the trial of offenses upon information" (*Comp. L., ch. 261, § 4),* it is provided that the act relating to indictments, approved February 10th, 1855, "and all other provisions of law applying to prosecutions upon indictments, to writs," etc., etc., "and to all other proceedings in cases of indictment," etc., "shall, in the same manner and to the same extent, as near as may be, apply to

informations, and all prosecutions and proceedings thereon." And section three of the same act provides that the defendant "shall have the same rights as to all proceedings by information, as he would have if prosecuted for the same offense upon indictment." But section two of this act requires: *First*, That the prosecuting attorney shall subscribe his name to the information, "and indorse thereon the names of the witnesses known to him at the time of filing the same;" and *second*, "at such time before the trial of any case as the court may, by rule or otherwise, prescribe, he shall also indorse thereon the names of such other witnesses as shall then be known to him." This second requirement, though additional to what was required by the common law, or by the statutes in reference to indictments above quoted, does not by its terms, nor by any reasonable implication, extend to any witnesses not known to him previous to the commencement of the trial; but, considered with reference to the common law, and the nature of the subject, involves a clear implication that it was not intended to apply to any witnesses first discovered by the prosecution to be material, after the commencement of the trial. And while there are some good reasons to require the indorsement of the names of such witnesses as are known to the prosecuting attorney prior to the commencement of the trial, and which he then expected to have sworn, we can discover no reason founded on justice or common sense, for requiring the indorsement of such as the prosecutor, during the progress of the trial, shall happen to discover to be important witnesses, or for the exclusion of such witnesses upon such ground. And we think it would be exceedingly pernicious in the administration of criminal law, to recognize such an objection. Should a criminal go unpunished because all the evidence of his guilt has not come to the knowledge of the prosecuting attorney before the commencement of

the trial, when it is always the interest of criminals to conceal all knowledge of this kind, and when the guilt of the prisoner can be proved beyond doubt, by evidence which the prosecuting attorney has discovered during the progress of the trial ?

This would be a new feature in the administration of the criminal law, which no court ought ever to adopt without the express requirement of the legislature, and which we cannot suppose any intelligent legislature will be likely to adopt, with any reference to an honest administration of justice.

The ruling of the circuit court was clearly correct, and the judgment of the court must be affirmed.

The other Justices concurred.