### ARGUED AND DETERMINED

# IN THE SUPREME COURT

#### OF THE

## TERRITORY OF WYOMING.

### MARCH TERM, 1880.

---

### JOHNS *v.* ADAMS BROS.

PRACTICE: RULES OF COURT: BILL OF EXCEPTIONS.—Section 4, chapter 106 of the Compiled Laws makes it the duty of the supreme court to prescribe rules of practice, and such rules, when not in conflict with the Organic Act or the laws of the Territory are given all the force of statute law. Therefore Rule 5 of this court, which provides, that, "no case will be heard in court unless a motion for a new trial shall have been made in the court below in which all matters of error and exceptions have been presented, argued and the motion overruled and exceptions taken to the overruling of said motion, all to be embraced in the bill of exceptions," is in the very line of the court's duty to prescribe, and was not intended to work an injury, but to point out in practice, what would be required of all who come into this court seeking to set aside decrees or judgments of the court below.

STENOGRAPHER'S NOTES.—The act of December 15, 1877, in relation to the appointment of a territorial stenographer, which provides, that a transcript of his notes shall be *prima facie* evidence of the proceedings does not mean absolute, and does not affect section 303 of the Civil Code requiring a certified and absolutely true statement of the evidence to be taken up in all proceedings in error.

ERROR to the District Court of Laramie County.

The facts are stated in the opinion by Sener, C. J.

*J. W. Kingman*, for plaintiff in error.

*C. N. Potter*, for defendant in error.

SENER, C. J.   This case was an action at law upon which a judgment was rendered by the first district court held in and for the county of Laramie at its May term, 1878, and is here now for consideration—not on its merits, but on a motion to dismiss—which was argued and allowed at the last regular term of this court, but afterwards, upon application of the plaintiff in error, a re-argument of the motion to dismiss was allowed, and now we are first to consider the motion of the defendants in error to dismiss, because the record as brought here shows no bill of exceptions.

The necessity of a bill of exceptions to bring a judgment into this court properly for review, in order to reverse, modify or vacate it if this court then shall seem to have been in error requiring it to do so, repeatedly ruled on in this court, it is only necessary to refer to the following syllabus of reported cases, 1 Wyoming, to show the nature and extent of these rulings.

After the motion for a new trial has been made and overruled by the court below and an exception taken thereto, such party must have his bill, containing all exceptions together with a motion for a new trial, signed or allowed by the presiding judge of the court below. *Murrin* v. *Ulman*, in 1 Wyo., 36.

If the plaintiff in error has not proceeded in accordance with the foregoing rules, it is correct practice for the defendant in error to move the court to dismiss the proceedings in error. *Id.*

In proceedings in error, the record of the court below must show that a bill of exceptions, containing the exceptions upon which the plaintiff in error relies, was duly made up and signed by the judge of said court within the time limited by statute. *Geer* v. *Murrin*, 37.

After a motion for a new trial has been made and overruled by the court below and an exception taken thereto, such party must have his bill containing all exceptions upon which he relies, together with the motion for a new trial, signed or allowed by the judge of the court below. *Id.*

If the plaintiff in error has not proceeded in accordance with the foregoing rules, it is the correct practice for the defendant in error, to move the court to dismiss the proceedings in error. *Id.*

These decisions were rendered nearly nine years ago, and are to be sustained as precedents because conformable to the organic law of the territory and its code, and because they are in harmony with the decision of the United States supreme court, in *Thompson* v. *Riggs*, 5th Wallace, wherein Judge Clifford says for the court: "Settled practice in this court is that neither the rulings of the court in admitting or rejecting evidence can be brought here in any other way than by a bill of exceptions."

But counsel, in arguing for plaintiff in error and against the motion to dismiss, maintained that rule 5 of this court, which requires a bill of exceptions, in which all exceptions, and the motion for a new trial shall be made and embraced, to be essential to proceedings here, is in conflict with the organic act of the territory, its code and subsequent session acts. To this it seems to us only necessary to say:

I. That the necessity of always applying for a new trial in the same court is to be found in the facts that the laws of the territory, civil and criminal, make provision for and point out with great exactness, all the methods of such applications, and further provide how courts which have heard cases shall re-hear them. The organic act, and the laws of the territory, all alike contemplate a resort to an appellate court only when every effort has failed in the lower court, and then the party coming into the appellate court or court in error, must come under such regulations as are provided by law, not inconsistent with the organic act of the territory, and it will presently be seen that by force of the statute law of the territory the rules of this court not inconsistent with the laws of this territory, and they are not, are given all the force of statute law. They deprive no man of his right, certainly at this late day. They only point out the course to be pursued by him while asserting

his rights. In doing this in a law forum, he surely must always do it according to law.

II. That every party in a lower court is required to except to every thing done there which he deems prejudicial to his rights, and to save the benefit of these exceptions and objections, including the motion for a new trial; he is required by the code and subsequent laws, as well as by rule 5 of this court, not only reasonably to except, but to preserve such exceptions and objections he must resort to a bill of exceptions in which they shall all be set forth and shown, the same to be signed and allowed by the judge conducting the trial. Rule 5, therefore, of this court, is in the very line of this court's duty to prescribe, and was not intended to work an injury, but to point out in practice, what would be required of all who came here seeking to set aside decrees or judgments of the court below.

The general laws of Wyoming, section 4, chapter 106, page 545, make it not permissive to this court to provide rules for perfecting and conducting proceedings in error and by appeal, but mandatory upon it to do so, and these rules when framed, are by the legislation given all the force of law, when not inconsistent with the organic act of the territory or its laws passed in pursuance thereof, for it is expressly declared by statute—General Laws of Wyoming, chapter 106, section 4, page 545—that when not inconsistent with the organic act and laws of the territory that they are, when *promulgated*, to be as binding as legislative enactments upon the courts and upon the parties practicing and having business therein. Language could not be fuller or of greater force in establishing the validity of these rules.

But it was further contended by counsel for plaintiff in error that rule 5 of this court, which provides that "no case will be heard in court unless a motion for a new trial shall have been made in the court below in which all matters of error and exceptions have been presented, argued, and the motion overruled, and exceptions taken to the overrulings of said motion, *all to be embraced* in the bill of

exceptions," is contrary to the laws of this territory, because by section 10 of the act of December 15, 1877, in relation to the appointment of an official stenographer, it is provided that "any transcription herein provided for shall, when by said stenographer certified correct as aforesaid and as paid for, be filed among the papers of the case, action or matter in which the same was tried as investigated, and such transcript so filed, shall *prima facie*, be deemed to be and taken as a .correct statement of such testimony, proceedings or the investigation and *the record thereof*.

And because of the words "that testimony so .taken shall *prima facie* be the records," &c., it is claimed that no bills of exceptions are necessary to bring cases here by writ of error, and that in such cases the stenographer's transcript shall have in this court the force of a bill of exceptions allowed and signed by a judge below.

Thus to hold, would be in effect to say, that section 303 of the General Laws of Wyoming, page 71, is repealed.

This is not done in terms, certainly, nor do we think the legislature meant to do so by implication. The two statutes were made by the legislature, and evidently were not by the legislature thought to be inconsistent with each other. Nor does this court deem them inconsistent, or does it hold the first act repealed. By the stenographer's act the testimony by him taken is *prima facie* correct; *is it absolutely correct?* By section 303, page 71, of the General Laws of Wyoming, the bill of exceptions must certify the true evidence, true absolutely, not *prima facie* true, and so liable to be disproved; and this the court can do, we take it, by accepting the stenographer's evidence as *prima facie* true, just as the statute declares, but not concluding it to use that evidence so reported as absolutely true. It shall retain its power on its motion to correct and certify what is true, or it can correct it on motion after notice to one or both of the parties to the suit, or it can allow the stenographer himself to correct if he has made errors, and it can do

this by consent or bringing back witnesses before it, or in any manner that will accomplish right and justice.

To give to the stenographer's notes absolute instead of mere *prima facie* verity in this court, would be to usurp one of the fundamental rights and powers of every court to say what was and what was not proved before it, when it is sought to impeach its judgments or decrees by proceedings in error or on appeal, a right that no court of last resort will ever hold to be repealed by implication, and no legislature, we think, will ever repeal in terms. Indeed, the legislature in passing this act was most careful in giving to the stenographer's transcription just what we give it, *prima facie* verity, not absolutely verity. And if anything were needed to confirm us in this view the persuasive if not binding force of *Pomeroy* v. *The Bank of Indiana*, 9th of Wallace, would surely be sufficient. There the court held that "the judge's notes do not constitute a bill of exceptions. They are but the memoranda from which a formal bill may afterwards be drawn up, signed and sealed. Sealing being required by the Federal statute, and not by the law of this Territory."

In this case there is no bill of exceptions, and for the foregoing reasons we decline to accept the stenographer's transcription as a substitute therefor, or in lieu thereof; and, therefore, without the need of disposing of any other question raised by the motion to dismiss on the part of the defendant in error, we are of opinion to dismiss the proceedings in error, and to affirm the judgment of the court below, but without the five per cent. penalty allowed upon dilatory appeals.

BLAIR, J. I quite agree with my brother, the Chief Justice, in the conclusion he has arrived at in this case; but I reason from a different stand-point.

He who searches either sacred or profane history to find more than one Job, will search in vain. From the time of the creation of man to this hour, no one, it is said, ever pos-

sessed the patience of him. In that respect he stands without a peer. As to his occupation, the first volume of Wyoming Reports is silent. Of two things I feel morally certain. The first is, that had he lived in this age of the world's history, and been honored with a seat on this bench, his fame as a man of inexhaustible patience would have been less. Second, men and women would not be so often admonished to profit by his example.

I am led to these reflections from the fact that, notwithstanding a rule of this court which has received the judicial sanction of a long list of illustrious predecessors, the wisdom of which has been so conclusively demonstrated by that able jurist, Kingman, Justice, in his opinion, delivered in the case of *Wilson* v. *O'Brien,* which rule in the most positive language declares that the court will not review alleged errors in the record, unless the motion for a new trial made by the court below is incorporated in a bill of exceptions duly and properly signed or allowed by the court rendering the judgment; yet strange as it may seem, we are urged if not importuned at every turn, and sometimes by those who breathed into it the breath of life, to wholly disregard it. This, so far as I am concerned, I cannot, will not do. But while I shall always be found defending it from all assaults, come from whatever quarter they may, I hope I shall be pardoned for saying, that I think that our moments of time are too precious, and life far too short, to be required at every term of this court to assign the same reasons for refusing to review cases improperly brought here. I concur.

Judgment affirmed.

Peck J., dissenting. Adams Brothers sued Johns in the district court upon a note, attaching a copy of it to the petition; he plead satisfaction by a settlement, made of mutual dealings; and the issue was tried by the court without a jury.

The official reporter reported the trial; and filed his duly

certified transcript under the statute, entitled "An Act for the Appointment of a Territorial Stenographer, and the Preservation of Evidence," the act of December 15th, 1877, 121 of the laws of that year. The transcript is embodied in the transcript of that court; and contains the evidence, ruling upon it, and two exceptions, taken by Johns to rulings, one of which was to the admission of the note, because a true copy of it was not attached to the petition; the other, that there was no replication to the plea. The court found that there was no proof of payment; and rendered judgment for the firm. He then moved for a new trial on the grounds, severally, of error in admitting the note—a true copy of it not being attached to the petition—in admitting it as *prima facia* evidence of indebtedness to the plaintiff without proof of title in it, the firm, and in finding that there was no proof of payment; also on the ground of newly discovered evidence. The motion did not contain the last named evidence, only a statement of its existence in the belief of the moving attorney; nor the exception for want of a replication, if a motion was denied. The transcript, speaking of the finding of the court, rendition of judgment thereon, and of the denial of the motion, says: * * * "the evidence of payment having failed, * * * it is ordered and adjudged, as to which finding of the court in rendering said judgment, the defendant then and there excepted," again, "it is ordered and adjudged by the court that said motion be, and it is hereby overruled, to which said rulings of the court in overruling said motion, the said defendant then and there excepted." He brought the judgment here by petition for review.

The defendant in error moved to dismiss the petition on the ground, first, that the records contained no bill of exceptions; secondly, that the errors complained of were not first presented to the court below by a motion for a new trial; thirdly, that no motion for a new trial was in the record; and fourthly, that the record presented no error question for review here.

The fourth ground of this motion depends upon the merit of the first; therefore is a bill of exceptions necessary to a review of the judgment? The act entitled, "an act to amend an act, entitled, an act to provide for the privileges of the writ of error and petition of error in certain cases," 597 of the Compiled Laws, requires, in sections 2, 3 and 4, that the writ of error in civil cases shall issue to bring up and be answered by sending up for our review, a transcript of the record of the final judgment or order of the district court, a review of which is desired; that, the answer having been made, the plaintiff in error shall file an assignment of the errors complained of; that in every case, brought by writ or petition in this court, we shall review and correct all the rulings of the district court, made during the progress of such cause therein, upon all questions, whether resting for their decision in discretion or otherwise. This court can review only what appears in the transcript, so sent up. Before its power for the purpose can be exercised, both the supposed error, and an allegation of it by formal exception must appear in the transcript. The necessity for formal exception exists as to all errors, save where the record discloses defect of jurisdiction; that defect raising an exception, and dispensing with formal allegation. The necessity exists for two reasons, the first, that it is required by the appellate practice, established when the act was passed, and which the latter shows no intention to depart from; the ground, that the other statutes, herein mentioned, aside from the Stenographer's Act, provide for formal exception, and they and the statute referred to, on page 597, are *in pari materia.* Hence it is our duty to examine whatever exception is regularly in the record; and to decide upon whatever supposed error it presents.

What then is the record which is to be transcribed to this court? And how shall a formal exception get into it? Section 397 of the Civil Code, page 84 of the Compilation declares that, "The records shall be made up from the petition, the process, return, the pleadings subsequent

thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court; but, if the items of an account, or the copies of a paper attached to the proceedings are voluminous, the court may order the record to be made by abbreviating the same, or by inserting a permanent description thereof, or by omitting them entirely. Evidence must not be recorded." Section 302, page 71st, "When a decision, objected to, is entered on the record, and the grounds of objection appear on the entry, the exception may be taken by the party causing to be entered at the end of the decision, that he accepts;" and section 303, same page, that, "When the decision is not entered on the record, or the grounds of the objection do not sufficiently appear in the entry, the party accepting must reduce his exception to writing, and present it to the court for its allowance. If true, it shall be the duty of the judge or court before whom the case was or is being tried, to allow and sign it, whereupon it shall be filed with the pleadings as a part of the record, but not spread at large upon the journal. If the writing is not true, the court shall correct it, or suggest the correction to be made, and it shall then be signed and allowed."

The record, defined by section 397, embraces exceptions that are preserved under 302 and 303. These two sections intended only to put the record of the district court, in respect to exception, into condition for review here; but are wholly distinct from, and independent of each other,— each applying to a class of cases essentially different from that to which the other applies; and, when either has been complied with, and the other appellate provisions have been observed, the exception secures to the party the right to a review here of whatever error the exception presents. The first provides for only exceptions which relate to matters originating in,—have their basis in the record—and are perfected, by being in the first instance entered there; the second for only exceptions which relate to matters not originating in—have their basis not of the record—and are

perfected upon, and become a part of it only through a bill of exceptions.

If the act at page 597 and sections 397, 302 and 303 are the only statutory provisions for incorporating exceptions into the record, the present exceptions are not properly before us; because they could not be introduced under section 302, and were not under 303; and the stenographer's report, though mechanically in, is legally out of it. But section 10 of the Stenographer's Act declares that "Any transcription, herein provided for, shall, when by said stenographer certified correct, as aforesaid,  *  *  *  *  be filed among the papers of the case, action or matter in the court in which the same was tried or investigated, and such transcript so filed, shall, *prima facie,* be deemed to be and taken as a correct statement of such testimony, proceeding or investigation, and the record thereof"—which is to say— the transcript, so certified and filed, shall be treated as presumptively correct and a record—as a true record, but subject to correction. Made record matter, it becomes a part of the entire record of the case, as completely and effectually, as does a bill, judicially certified and filed under 303; and 397 is thus extended by this act. For the purpose of a review here, and so far as it goes, the transcript is evidently intended to take the place of the bill; both to avoid the cumbersomeness of the latter and to secure an accuracy which the latter cannot accomplish. The transcript duly certified and filed, to require a bill, is not to repeat exceptions upon the record, but to impose a false condition. In the present case the exception that was taken for want of replication, and not embraced in the motion for a new trial, is regularly in the record, because introduced into it by the transcript, which is legally there.

Of the four grounds, covered by the exception to the denial of the motion, that which relates to new evidence is a nullity; because, instead of the alleged evidence being embodied in the motion, a mere statement of a belief of its existence by the moving attorney is set forth—and this does

not comply with sections 309 and 310 of the Civil Code as
to motions for new trials; those sections indicate no idea of
permitting a party, who affirms a material fact, to prove it
by other than technical evidence, to prove it by hearsay
statement, much less by a mere expression of belief; a
different rule would inevitably introduce endless instability
of verdicts, findings and judgments, endless laxity of prac-
tice. As to the other three grounds, the motion was ad-
dressed to—based upon the record; and thus the pleadings,
issue, evidence and rulings upon it, which were decisions,
and the exceptions which covered them, became incor-
porated into the record in the full sense and with the full
effect of section 302. All the exceptions which are stated
in the transcript of the district court, as having been taken
subsequent to the trial, must have been entered in the
record by the clerk, and purport to have been taken and
entered respectively next to the decisions to which they
were taken; and therefore at the ends of them in the literal
sense of 302. Therefore, the record contains exceptions,
which, so far as concerns the supposed necessity of a bill,
are properly before us for review; and their value could
not be determined, without previously denying the motion.

If it be objected that the effect of this construction will
be to carry into the record such errors as the stenographer
may commit in taking, or in transcribing his notes, the
ready answer is, that every part of the record, and there-
fore that which consists of his report, is open to correction
by the court on its own motion, or that of the party at the
trial term; section 10 distinctly reverses this common law
power, by declaring that the report shall, as filed, be but
presumptively correct; and that under the act of Decem-
ber 15th, 1877—32 of the laws of that year—entitled, "An
act to facilitate the business of the district courts," that
term continues until the next term for the purposes of such
motion by the party; and must equally continue for the
purposes of a correction by the court of its own motion;
because its power so to correct must impliedly be extrinsic,

as is its power to correct on the motion of the party, in a matter of correction based upon its knowledge of the trial. A bill of exception was unnecessary.

The third ground, of the motion to dismiss, was denied by the record. Its record meant that the fifth rule of this court imposed a condition precedent to review here, which had not been satisfied. For my answer to this objection, I refer to my opinion, rendered in the case of *White* v. *Sisson, Wallace & Co.*, which was decided by this court at its March term for 1878.

The motion to dismiss should have been denied.