GEORGE E. PARKS, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

**Criminal Law:** EVIDENCE. The holding of this court in the case of *Stevens v. The State*, 19 Neb., 647, to the effect that upon the trial of a criminal case which is being prosecuted on an information, it is error on the part of the court to permit, over the objection of the accused, a witness to be sworn on the part of the state whose name had not been endorsed on the information before the trial, adhered to.

ERROR to the district court for Dodge county. Tried below before POST, J.

*C. Hollenbeck* and *Robert J. Stinson,* for plaintiff in error.

*William Leese, Attorney General, William Marshall, District Attorney,* and *J. E. Frick,* for defendant in error.

COBB, J.

The plaintiff in error was tried and convicted by the district court of Dodge county, upon an information for subornation of perjury. He brings the cause to this court on error. There are fifteen errors assigned, but as it was decided at the consultation that there must be a new trial upon the one arising first in the order of sequence, no good purpose would be subserved by setting them out at length here. I copy the 5th and 6th assignments of error.

"5. The court erred in allowing, or permitting one John McNaught, a witnesses for the state, to testify, his name not appearing on the back of the information, as required by law.

"6. Accident and surprise, which ordinary prudence could not have guarded against. Such surprise consisted in the introduction of witnesses by the state, whose names were not endorsed on the information as required by law."

The chapter of our statute, Chap. LIV., criminal code, by its first section, confers upon the district court the power to hear, try, and determine prosecutions upon information for crimes, misdemeanors, and offenses, the same as they may in like case upon prosecutions upon indictments. Section 2 of the act (579 of the criminal code), provides as follows:

"All informations shall be filed during the term in the court having jurisdiction of the offense specified therein by the prosecuting attorney of the proper county as informant; he shall subscribe his name thereto, and endorse thereon the names of the witnesses known to him at the time of filing the same; and at such time before the trial of any case as the court may by rule or otherwise prescribe, he shall endorse thereon the names of such other witnesses as shall then be known to him."

It appears from an inspection of a certified copy of the information and the bill of exceptions, that several witnesses, especially John McNaught, the principal witness, were sworn and examined on the part of the state, whose names were not at any time endorsed or written on the back of the information. The defendant objected to the swearing of the witness McNaught, and saved his exception.

In the case of *Stevens v. The State*, 19 Neb., 648, this point was squarely presented, and upon due consideration it was held as contended for by the plaintiff in error. Counsel now present an able brief and argument, and earnestly urge the court to reverse its decision on this point.

As to the language of the statute, it cannot be doubted that the meaning given it by the court in the above case is the plain and natural one. Counsel refer to the case of *Ballard v. The State*, 19 Neb., 609, where it is held that, "In the trial of a criminal prosecution wherein a defendant is arraigned upon an indictment found by a grand

jury, the state is not precluded from the examination of witnesses whose names are not endorsed upon the indictment," and referring to the case of *Stevens v. The State,* ask, " What good reason can be assigned for so limiting his rights in this regard under the former mode, and so extending them under the latter mode of prosecution?" etc.

Now it seems to me that this enquiry would be far more cogent if addressed to the proper committee of the legislature, than when addressed to a court. Courts have but little to do with the policy of the laws, whatever might be the opinion of its members as individuals of their wisdom or expediency. The laws which they find on the statute books, it is the duty of the courts to apply, and in proper cases to construe. But when the meaning and intention of the legislature is clearly indicated by the language of the law, no construction is necessary. To return to the section before us. Can it be seriously questioned that it was the intention of the legislature to make it the duty of a prosecuting officer to endorse the names of the witnesses for the state in each case, upon the information before the trial? Is the language used susceptible of any other meaning? The ingenuity of counsel has not enabled them to suggest any other meaning.

The law providing for prosecutions by information is not yet two years old in this state. It is an innovation which had been often suggested before it was adopted. With its undoubted advantages, it has been objected to as placing too much power in the hands of the prosecutor. Probably foreseeing this objection, the framers of the law sought to throw around the rights of the accused, under this method of prosecution, every reasonable protection. Under the system of prosecution by indictment, the grand jury was, in a sense, the accuser of every person brought to trial for a crime. So here, where the services of a grand jury are dispensed with, while the responsibility of the

prosecution rests in some sense upon the shoulders of the prosecuting attorney, there is certainly some reason why there should be open to the accused some source of information as to the identity of the persons upon whose oath his conviction and punishment is about to be claimed at the bar of justice.

It is claimed by counsel on either side, and is doubtless true, that the section of our statute now under consideration was at least substantially adopted from the statute of Michigan. That statute had been applied and construed, so far as its construction was necessary, by the court of last resort of the latter state, before its adoption by us. Accordingly, as has been often said in like cases, by this as well as other courts, we adopted the construction along with the statute.

The case of *People v. Hall*, 48 Mich., 482, was before the supreme court of that state in 1882, involving this question. I quote from the syllabus: "In a criminal prosecution the names of witnesses cannot, against objection, be added to the information without a showing that they were not known earlier and in time to give defendant notice in season to anticipate their presence before trial."

Again, but after the adoption of the law by us, the question came again before that court in the case of *People v. Quick*, 25 N. W. R., 302. In the opinion they say: "We have held on several occasions that the defendant has a right to know in advance of the trial what witnesses are to be produced against him, so far as then known, and to have any new witnesses endorsed on the information as soon as discovered."

In the light of these cases, I think the law can be administered so as to avoid the dangers so much deprecated by counsel. In cases where new witnesses become known to counsel, or are ascertained to be necessary after the information has been filed, with such witnesses endorsed thereon as were known to him at the time of filing, it is only neces-

sary that he make such a showing of the facts as will bring to the knowledge of the court that the prosecutor has acted in good faith and that the additional witnesses are necessary for the due presentation of the case.

In the case at bar the name of the witness, McNaught, must have been omitted by mere inadvertence, but no showing was made or attempted, and it seems to me that the judgment cannot be sustained without both overruling our own case and invading the province of the legislative branch of the government.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.