# Germolgez v. The State.

*Indictment for Selling Liquors without License.*

1. *Objections to indictment, going to formation of grand jury.*—When the record shows that the grand jurors were regularly drawn and summoned, a mistake of the clerk in transcribing one of their names, as writing *Free* for *Firee*, is not good matter for a plea in abatement to an indictment (Code, §4445); nor is it good matter for a plea in abatement, that the places of absent jurors were supplied by talesmen without an order discharging them.

2. *Same; indorsement of foreman's name, and names of witnesses*—It is not good matter for a plea in abatement to an indictment, that in indorsing the name of the foreman of the grand jury only the initials of his christian name are given, instead of the full name; nor is it good matter for such plea, that after the indictment was filed in court the solicitor indorsed on it, without leave of the court, and without the consent of the defendant, the names of persons as witnesses before the grand jury.

3. *Testimony of witness not before grand jury.*—In a criminal case, a conviction may be had on the testimony of a witness who was not before the grand jury, and without producing the witness on whose testimony the indictment was found.

From the Circuit Court of DeKalb.

Tried before the Hon. John B. Tally.

The indictment in this case, when returned into court, was indorsed with the name of Rufus Kirkpatrick, as the witness before the grand jury, but the name of John J. Stewart was afterwards indorsed by the solicitor, without the permission

[Germolgez v. The State.]

of the court, and without the consent of the defendant. The defendant filed a plea in abatement on this ground, and on other grounds stated in the opinion. The court struck the plea in abatement from the files, on the ground that it was frivolous, and the defendant excepted. On the trial, the State offered said Stewart as a witness, and the defendant objected to his admission as a witness on the ground stated in his plea in abatement; and the objection being overruled, the witness testified that he had bought whiskey from the defendant within the period covered by the indictment, and at a time different from those to which he had testified in several other cases against the defendant; but that Rufus Kirkpatrick was not present on that occasion, and that he (witness) was not before the grand jury as a witness at the term at which the indictment in this case was found. The defendant moved to exclude the testimony of the witness from the jury, and excepted to the overruling of his motion; and he also excepted to the refusal of the following charge, which was asked by him in writing: "If the jury believe from the evidence that Rufus Kirkpatrick was not present, did not see, and had no personal knowledge of the sale of liquor by defendant to which the witness testified, then they should acquit the defendant."

G. B. DENNISON, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was indicted for retailing spiritous liquors without a license. The defendant filed a plea in abatement, going to the formation of a grand jury which presented the indictment. In writing up the record of the organization of the grand jury, and of those summoned and not attending, the clerk wrote in one place W. J. Free, instead of W. J. Firee, and in another place J. I. Taylor instead of J. I. Hagler. The minutes of the court themselves furnish abundant evidence of the regular formation of the grand jury, and that these were mere clerical errors of the clerk of the court in transcribing the names of the jurors who had been regularly drawn and summoned by the sheriff, as shown by his return into the court, all of which is of record.—*Tanner v. State*, 92 Ala. 1, and authorities there cited.

Section 4445 of the Code of 1886 declares, that "no objection can be taken to an indictment by plea in abatement, or otherwise, on the ground that any member of the grand jury

[Garner & Co. v. Ullman & Co.]

was not legally qualified, or that the grand jurors were not legally drawn or summoned, or on any other ground going to the formation of the grand jury, except that the jurors were not drawn in the presence of the officers designated by law," &c. This section has been frequently considered by this court and judicially construed before its adoption into the present Code. In the case of *Billingslea v. The State*, 68 Ala. 486, it was said: "There are but two classes of cases in which objections can be sustained to an indictment, when they are based on irregularities in the organization of a grand jury. *First*, where such jurors were not drawn in the presence of the officer designated by law. *Second*, where there is some order of the court below, or some action of the presiding judge, appearing of record in the cause, and relating to the organization of the grand jury, which is without warrant in the statute, or is contrary to its provisions. This embraces some judicial order or act of the court, as contradistinguished from any act of its officers, while ministerially executing any such order when lawfully made."

The second ground of objection is, that the court made no order discharging those who failed to appear, but supplied their places without first making an order discharging them. The objection is without merit, under the principles decided in *Billingslea v. The State, supra*; Crim. Code, page 133, § 9 of Act.

The other objection to the indictment, viz., that it was indorsed R. M. Blevins, foreman, instead of Richard M. Blevins, and that the solicitor endorsed the names of other witnesses on the indictment after it was returned into court, are wholly destitute of merit.

The objection to the introduction of testimony on the trial is equally untenable.—*O'Brien v. The State*, 91 Ala. 25.

Affirmed.