## BOULTER v. STATE.

APPEAL AND ERROR — RECORD — BILL OF EXCEPTIONS.

1. Nothing which could have been assigned as a ground for new trial in the court below will be considered in the supreme court, unless it shall appear that the same was properly presented to the court below by a motion for new trial, and that such motion was overruled and exception at the time reserved to such ruling, all of which must be embraced in the bill of exceptions.

2. A motion for new trial does not constitute, in and of itself, a part of the record. To become such it must be incorporated in a bill of exceptions.

3. The taking of all bills of exception are governed by the rules established in civil cases.

[Decided November 19, 1895.    Information filed in district court December 5, 1894.]

Error to the District Court for the County of Laramie, Hon. Richard H. Scott, Judge.

Collingwood Boulter was convicted of manslaughter, and was sentenced to imprisonment in the penitentiary for the term of six years. He prosecuted error. There was no bill of exceptions. The material facts are stated in the opinion.

*Ralph E. Esteb*, for plaintiff in error.

It was error to permit the indorsement of the names of witnesses upon the information after the commencement of the trial. (Const., Art. 1, Sec. 10; Stevens v. State, 19 Neb., 648; Gates v. People, 14 Ill., 435; Gardiner v. People, 3 Scam. Ill., 89; Parks v. State, 20 Neb., 516; Gandy v. State, 24 id., 723; same, 27 id., 732; Miller v. State, 29 id., 438; Brinker v. State, 34 id., 758; Johnson v. State, id., 438; Neb. Crim. Code, Sec., 579; Mich. St., Sec. 7938; People v. Hall, 48 Mich., 487; People v. Price, 74 id., 39; People v. Howes, 81 id., 399; Hill v. People, 26 id., 496; How. Stat. Mich., Sec. 9549; Reg. v. Frost, 9 Car. & P., 147; Rex v. Lord, 2 Gord. & Doug., 591; State v. Stevens; 1 S. D., 480; Comp. L. S. D., Sec. 7236; State v. Dickson, 6 Kan., 209; State v. Medlicott, 9 id., 257; U. S. Rev. Stat., Sec. 1033; Logan v. U. S., 144 U. S., 304; U. S. v. Stewart, 2 Dall., 343; State v. Cook, 31 Kan.; U. S. v. Curtis, 4 Mason, 232; U. S. v. Dow, Tawney, 34; Lord v. State, 18 N. H., 173; Keener v. State, 18 Ga., 194; Maxwell's Crim. Pro., 74, 75.)

*Benjamin F. Fowler*, Attorney-General, for the State. (*W. R. Stoll*, of counsel.)

The appellate court will not consider errors which are not referred to in the briefs, and all errors are waived except such as are considered in the briefs (Mc Cormick v. Phillips (Dak.), 34 N. W., 39; Webber v. Clark, 74 Cal., 11; Ry. Co. v. Stommel, 126 Ind., 35; State v. Doe (Wash.), 34 Pac., 151; Ry. Co. v. Grant (Tex.), 26 S. W., 286).

The cases cited by counsel for the plaintiff in error do not sustain his contention, but, from them, the following conclusions result:

1. That in no case is it a presumption of law that, merely because certain names were indorsed on the information after the trial had begun, the defendant was thereby prejudiced.

2. That under no statute whatever, has it been held that a defendant is entitled to a new trial simply because certain witnesses were sworn, or because the names of certain witnesses were indorsed on the information which were not on the information previous to the beginning of the trial.

3. That under all statutes the only cases in which it has been held that it was error to permit certain witnesses to testify, whose names had not previously been furnished to the defendant within the time permitted by the statutes, a bill of exceptions has been presented, and embodied in the record before the appellate tribunal, which bill of exceptions has shown that the evidence of such witnesses was material and prejudicial to the defendant, and that the defendant, by motion or otherwise, had requested a continuance or a delay for sufficient time to enable him to properly prepare to meet such evidence, and that the trial court had refused such continuance or delay.

4. That under the statutes and in all cases in which it is stated that the provisions of the statutes are mandatory, it has never been held that, even if the statute were violated, error was committed by permitting witnesses to

testify whose names were not indorsed upon the information in accordance with the provisions of the statute, where that evidence was not palpably prejudicial to the defendant, and material to the case.

5. That at common law no such thing was ever known as the indorsing of the names of the witnesses upon the information or indictment in a felony case; that such requirements are of statutory origin; and that in each State, the statute of that State must control.

6. That in none of the States referred to has there been a statute which is at all similar to the statute of Wyoming; and that the cases cited have no application whatever to any question that could be raised upon the subject of the indorsement of the names of witnesses on the information, under the statute of Wyoming.   The language of the statutes in the States referred to by the plaintiff in error is essentially different from the language of the statute of Wyoming. ˙ There is an express and emphatic provision in the statute of Wyoming that such indorsement may be made at any time, either before, during, or after the trial.   This provision is absent from each of the statutes of each of the States to which the plaintiff in error refers.

At common law an accused in a felony case was not even entitled to a copy of the indictment.   To indorse the names of witnesses that might be called on behalf of the prosecution upon an indictment or information for a felony, was a procedure unknown to the common law. The requirement that the names of witnesses shall be indorsed upon the indictment is entirely statutory; and the provision of the statute in any State must, of course, govern.

(Bishops New Cr. Pro., Sec. 869, a z; Hill v. People 26, Mich., 496.)

The indorsement of the witnesses is no part of the record.   (State v. Shepard, 1 S. E. 879.)    The objection to the introduction of witnesses can not raise the question of the regularity of the indorsement.   (State v. Heinze 45, Mo., App., 403; Germolzez, 13 So. 517.)

The statute directing the indorsement of the names of witnesses upon the information is directory only. (State v. Shores, 7 S. E., 416; State v. Hollingsworth, 6 S. E., 417; Territory v. Anderson, 1 Wyo., 20; Sheldon v. Com. 16 S. E., 355; Walker v. State, 19 Tex., App., 176; State v. Enoch, 26 W. Va., 255.)

Groesbeck, Chief Justice.

The plaintiff in error was found guilty of the crime of manslaughter in the district court for Laramie County, and on the 16th day of March, 1895, was sentenced by said court to be imprisoned in the penitentiary for the term of six years. The petition in error assigns twenty-eight grounds of error,— assailing the verdict of the jury on the ground that it is not sustained by sufficient evidence and is contrary to law; that the trial court erred in giving certain instructions to the jury requested by the prosecution; in refusing to give an instruction asked for by the defendant; in accepting the verdict of the jury on March 10, 1895, the same being Sunday; in recording the verdict on that day; that the court had no jurisdiction to try and determine the cause; that the continuance asked for by the defendant should have been granted; that the verdict of the jury was a compromise verdict; that certain of the jurors made representations to their fellows that under a verdict of manslaughter the defendant could not be punished by more than four years' imprisonment; that one of the jurors prior to the trial had stated publicly that the defendant ought to be hung; that the court erred upon the trial in permitting the indorsement of the names of certain witnesses for the prosecution upon the information, and this was allowed, it is contended, without a showing on the part of the prosecution that the witnesses were unknown at the time of filing the information; that no notice was given to the defendant that said witnesses would be examined in the cause; and that the court erred in overruling the motion for a new trial.

This formidable array of assignments of error was

expressly withdrawn from our consideration by counsel for the plaintiff in error, with the exception of those alleged errors going to the action of the trial court permitting the indorsement of the names of certain witnesses for the prosecution during the trial, against the objection of the defendant below, and in allowing witness J. F. H. Stahle to be sworn and examined, his name not having appeared as indorsed on the information, until it was so indorsed by order of the court during the trial. As most of the assignment of errors relate to matters occurring during the progress of the trial, they would not have been considered, as it is well settled by a long line of decisions of this court, as well as by its rules, which have been in existence for many years, and promulgated in the published reports and in the session laws, that "nothing "which could have been properly assigned as a ground for "a new trial in the court below will be considered in this "court, unless it shall appear that the same was properly "presented to the court below by a motion for a new trial, "and that such motion was overruled and exception was at "the time reserved to such ruling; all of which shall be "embraced in the bill of exceptions." Rule 13, Sess., Laws 1895, 328; Sess. Laws, 1890–91, 444; Rule 6 Territorial Sup. Ct., 2 Wyo., 516, Rev. St. Wyo., p. 65; Rubel v. Willey, 40 P., 761; Siebel v. Bath, id., 756; Johns v. Adams Bros., 2 Wyo., 194; Murrin v. Ullman, 1 Wyo., 36; Geer v. Murrin, id., 37; Jenkins v. Ter., 1 Wyo., 317; Garbanati v. County Commissioners, 2 Wyo., 257. In the last case cited, decided at the March, 1880, term, Mr. Justice Blair says in his quaint language: "This case must go where many have gone before, and "where, doubtless, if we can judge the future by the past, "many will follow it — out of court. Almost from the "time whereof the memory of man runneth not to the "contrary, this court by a standing rule has declared that "they will not consider alleged errors in the record unless "accompanied by a bill of exceptions, in which the motion "for a new trial made in the court below is incorporated.

"In this case there is no bill, or pretended bill of excep-
"tions, duly allowed by the court below, and, reasoning
"from cause to effect, the absence of the motion for a new
"trial is apparent." The assignment of errors upon
which counsel for plaintiff in error relies, are matters
arising during the trial of the cause, and were alleged
errors of law occurring at the trial. These alleged errors
must be presented to the trial court by a motion for a new
trial which must be incorporated in the bill of exceptions.
The record before us is that of the court made up by the
clerk from a transcript of the journal entries. Accom-
panying this are copies of certain motions made during
the trial and after its termination, including the motion
for a new trial and accompanying affidavits, and the
instructions given and refused by the court. There is no
bill of exceptions before us, and nothing in the record of
the court below to show that time was asked to prepare it
and present it to the court or judge thereof for allowance
or that any bill was presented to the court. We have
then, following our rule and uniform decisions of the
court, nothing to decide; for we can not determine the
matters presented to us for consideration, as such matters
must be embodied in a motion for a new trial incorpo-
rated in the bill of exceptions, which must be presented
to, examined by, and allowed by the trial court, or the
judge thereof in vacation. There can be no excuse for
the violation of this rule, and none is attempted to be
made. For nearly a quarter of a century the practice has
been followed, as directed by the rules and decisions of
this court, to insert a motion for a new trial in a bill of
exceptions, certified to by the judge, and not to recognize
or consider any matters on appeal, arising during the
trial, which were not a part of the record proper, except
such as were embodied in the bill of exceptions. Our
rule is but the general doctrine that a motion for a new
trial must be incorporated in the bill of exceptions in
order to be preserved for review on appeal. 3 Ency.
Pleading and Practice, 400. It is true that in Elliott's

App. Proc. it is stated that a motion for a new trial is a direct motion, and hence part of the record. Sec. 190, p. 162. But the only cases cited in support of this doctrine are those of Indiana, and these are based on the precedent established in the early case of Kirby v. Cannon, 9 Ind., 371, a case decided upon the peculiar provisions of the statute of that State, making all proper entries made by the clerk, and "all papers pertaining to "a cause" and filed therein, with a few exceptions, part of the record. Our statute is different. In a criminal case, if the defendant feels himself aggrieved by any decision of the court, he may present his bill of exceptions thereto, or to the judge thereof in vacation, which the judge shall sign, and the same shall be made a part of the record, and have the same force and effect as in civil cases; and if exceptions be taken to the decision of the court, on overruling a motion for a new trial because the verdict is not sustained by sufficient evidence, or is contrary to law, the bill of exceptions must contain all the evidence. The taking of all bills of exception are governed by the rules established in civil cases. Rev. St., Sec. 3306, as amended by Sec. 138 of ch. 73, Sess. Laws, 1890. In civil cases, when the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, or for a new trial for misdirection of the court to the jury, or because the verdict is against the law or the evidence, the party excepting must reduce his exception to writing and present it to the court or the judge thereof in vacation, within the time given for allowance. Rev. St. 2649, as amended by Sec. 1 of ch. 38, Sess. Laws, 1890. The records of the court in civil cases are made up from the petition, the process, the return, pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court, and evidence must not be recorded. Rev. St., Sec. 2681. The record proper in the cause, either civil or criminal, does not contain a motion for a new trial, as it does not fall within any of these enumerated

matters which do not include all the "papers pertaining "to the cause," as, with certain exceptions, the Indiana statute reads, upon which the statement of the Law in Elliott's App. Proc. is based; and the only method whereby such motion can become a part of the record is by the order of the court or judge making it so, when it is embodied in the bill of exceptions, which is made a part of the record by such order but not spread at large upon the journal. In the case at bar, the errors assigned are shown, if at all, by a journal entry of the court, which is set out in full, but these errors can only be preserved for review by incorporating them in the motion for a new trial, as they are matters arising during the trial, and the only way to preserve the motion for a new trial for review by an appellate court is to embody it in the bill of exceptions, in the absence of a statute making such motion a part of the record. This has not been done, and we can not consider the alleged errors for the reason that there is no bill of exceptions containing such motion for a new trial.

2. Looking at the journal entry of the trial court, by which it is asserted that error is apparent, although for the reasons above stated, it is not properly before us, it appears that the order of the court was made on the 25th day of June, 1895, to appear as of date the 5th day of March preceding. After reciting the findings upon which this *nunc pro tunc* order was made, it directs: "It is therefore ordered by the court that the following order be entered * * * as of March the 5th, A. D: 1895: 'That upon the 5th day of March, A. D. 1895, after this case had been called for trial, and the jury impaneled to try said cause, and all witnesses for the plaintiff and defendant called, sworn, and ordered to separate during the hearing of said cause, and so admonished by the court, and the counsel for the prosecution had opened his case to the jury, by making a statement of his case, and what he expected and intended to prove by the witnesses, that upon proceeding to the trial of this cause, J. F. H.

Stahle, after having been sworn on the part of the prose-cution, was called upon to testify as a witness for the prosecution, whereupon Ralph E. Esteb, counsel for the defendant, objected to the introduction of J. F. H. Stahle as a witness on behalf of the State for the reason that his name does not appear indorsed upon the information as one of the witnesses on behalf of the State, and for the further reason that no showing has been or now is made to the court of such facts as brings to the knowledge of the court that the name of the witness was not known to the county and prosecuting attorney at the time of the filing of the information herein, nor any such showing as would authorize the introduction of said witness on behalf of the State, nor any showing to the court that the admission of the witness is necessary for the due presentation of the case, and for the further reason that no notice of the intro-duction of said witness on behalf of the State has been served upon either the defendant or his counsel, and the introduction of said witness should not be permitted over the objection of the defendant and his counsel; which objection was by the court overruled, to which overruling defendant by his counsel then and there excepted, which exception was by the court then and there allowed.

Whereupon the county and prosecuting attorney moves the court for an order allowing the clerk of the district court of the first judicial district, sitting within and for the county of Laramie, in the State of Wyoming, to indorse upon the information herein against Collingwood Boulter, otherwise called Charles Boulter, for murder in the second degree, the names of J. F. H. Stahle and thirteen others (naming them), to which motion R. E. Esteb, counsel for defendant, objected to the indorsement of the said names as witnesses for the State, for the reason that no showing had been, or now is, made to the court of such facts as brings to the knowledge of the court that the names of the witnesses as aforesaid, as witnesses for the prosecution, were not known to the county and prosecuting attorney at the time of the filing of the information herein, nor any

such showing as would authorize the introduction of such witnesses on the part of the prosecution, nor any showing to the court that the admission of the aforesaid witnesses for the State is necessary for the due presentation of the case, and for the further reason that no notice of the introduction of said witnesses on behalf of the State has been served upon either the defendant or his counsel, and that the introduction of said witnesses should not be permitted over the objection of the defendant and his counsel, which objection was by the court overruled; and to the overruling of which the defendant by his counsel then and there excepted, which exception was by the court then and there allowed.''

This order was entered after the filing of the petition in error in this cause, and upon it alone is error predicated in this case, out of the numerous assignments of error. The statute in reference to the matter of indorsement of the names of witnesses upon the information is as follows: '' He (the county and prosecuting attorney) shall subscribe ''his name thereto and indorse thereon the names of ''the witnesses known to him at the time of filing the ''same.   He shall also indorse thereon the names of such ''witnesses as may thereafter become known to him, at ''such times before the trial as the court may rule or ''otherwise prescribe.''   '' The name of the prosecuting ''witness, as such, shall always be indorsed on the infor-''mation.''   Sec. 2.   '' The failure to indorse the names of ''the prosecuting witness or the names of other witnesses ''shall not be ground for the quashing or setting aside of ''the information, and unless the defendant or his counsel ''shall move or request that such indorsement shall be ''made, if not already made, the defendant shall be deemed ''to have waived his right to have such indorsement made; ''and such indorsement may be made before, at, or after ''any trial.''   Sec. 3, Ch. 59, Sess. Laws, 1890–91. These provisions were retained in the recent act, which, by a saving clause, keeps the former statute in force as a method of procedure in the prosecution of offenses

committed prior to its passage.   Ch. 123, Sess. Laws, 1895.

The provisions of section two of the act relating to the indorsement of the names of the witnesses for the prosecution on the information was borrowed from the statute of Michigan, the first jurisdiction to adopt the information system, but section three of our statute declaring that, in some respects, the failure to indorse such names is not fatal to the information, and is a matter that may be waived by the defendant in a criminal case when not requested by him to be made is, so far as our investigation discloses, an innovation.   Such a provision does not appear in any other statute coming under our observation.   Our statute provides that the information shall not be quashed or set aside for lack of the indorsements of the names of the witnesses, and that the defendant is deemed to have waived his right to have such indorsement made unless he moves or requests it, and the indorsement may be made before, at, or after the trial.   These qualifying provisions, it is contended, neutralize the mandatory language of the provisions requiring the indorsement, and are a legislative construction that the matter of indorsement of the names of the witnesses is directory instead of mandatory. Indeed it has been held in a number of the States, where such a provision exists as to indictments, requiring the indictment to be indorsed with the names of the witnesses, that such requirement is merely directory.   Shelton v. Com., 89 Va., 450, citing Dever's case, 10 Leigh, 685; Williams' Case, 5 Grat., 702; State v. Shores, 31 W. Va., 491.    See also State v. Enoch, 26 W. Va., 253.    The court says that whatever may have been the law elsewhere, the law is settled in Virginia, that such a statute is not mandatory but directory.    It intimates its approval of the views of the West Virginia court in State v. Shores, supra, that the omission to write the names of the witnesses at the foot of the indictment was not to the prejudice of the accused, inasmuch as the prosecuting attorney, when their names are not so written, is not bound to call them at the

trial; and that the constitutional provision that ''the accused "shall be confronted with the witnesses against him,'' merely means that the witnesses must appear at the trial and testify in person, and that hearsay evidence is inad-missible. In Walker v. State, 19 Tex., Ct. App., 180, the Texas cases were reviewed upon this question, and the rule announced in the early case of Steele v. State, 1 Tex., 142, was followed, that the statute requiring an indorsement of the names of the witnesses on the back of the indictment was merely directory, and such indorse-ment was not a constituent part of the indictment or of the finding of the grand jury, and is not essential to its validity. In the case of Skipworth and Boles v. State, 8 Tex., Ct. App., 135, it was said that while the statute prescribed that the names of the witnesses upon whose testimony the indictment is found shall be indorsed thereon, yet no mode was designated by which a failure to do so can be reached, and in the absence of further legislation the omission should be held immaterial.

So in North Carolina, it is held that a non-compliance with a rule requiring the foreman of the grand jury to mark on the bill the names of the witnesses, is no ground for a motion to quash, nor for arrest of judgment, such requirement being directory merely. State v. Hollings-worth, 100 N. C., 535; State v. Hines, 84 N. C., 810; State v. Shepherd, 97 id., 401. It seems that the same rule governs in Alabama: Germolgez v. State, 99 Ala., 216 ; O'Brien v. State, 91 Ala., 25.

A statute of this State, yet in existence, requires that, in cases of misdemeanor, the name of the prosecuting or other witness shall be indorsed on the indictment, and this was held to be in an early case merely directory, and not mandatory; and where the prosecuting attorney or foreman of the grand jury failed to make such indorse-ment, permission was properly given on trial to the prose-cuting attorney to make it. Territory v. Anderson, 1 Wyo., 20. Some courts hold under a statute similar to ours in requiring the indorsement of the names of the

witnesses for the prosecution on the information or indict-
ment, that the matter is within the sound discretion of the
trial court.    State v. Cook, 30 Kan., 82; Lord v. State,
18 N. H., 173; Gradner v. People, 3 Scam. (Ill.), 84;
Gates v. People, 14 Ill., 433.

The rule holding that the matter of indorsement is a
substantial right to the defendant is rigidly upheld in
other States, founded on the wording of the statute like
Section 2 of our statute, quoted supra, but where the
qualifying restrictions of Section 3 of our statute have
not been incorporated in the law.    Hill v. People, 26
Mich., 496; People v. Hall, 48 id., 487; People v. Price,
74 id., 39; People v. Howes, 81 id., 399; Stevens v.
State, 19 Neb., 648; Gandy v. State, 24 id., 723; Mil-
ler v. State, 29 id., 438; Brinker v. State, 34 id., 758;
Parks v. State, 20 Neb., 516; Gandy v. State, 27 id.,
732; State v. Stevens, 1 So. Dak., 480.    Such appears
to be the rule in the Federal Courts where in capital cases
the defendant must under the statute be furnished with
a list of witnesses against him two days before the trial.
(U. S. v. Stewart, 3 Dall., 343; U. S. v. Dow, Taney,
34; U. S. v. Curtis, 4 Mason, 232; Logan v. U. S., 144
U. S., 304; Hickory v. U. S., 151 U. S., 303.    But we
do not care to determine this question without fuller argu-
ment, and in this case it is unnecessary to decide whether
our statute, taking all of its provisions together, is direc-
tory or mandatory.    In the case before us, it does not
affirmatively appear from the journal entry invoked, that
the names of the witnesses were known to the prosecuting
attorney before the trial.    He had made his statement to
the jury, but it does not appear that he stated the names
of the witnesses and what particular facts would be shown
by each; it nowhere appears in the journal entry as an
undisputed fact that the witnesses objected to were actu-
ally known to the prosecution before the trial began.
Such an inference might strongly appear from the jour-
nal entry, as Stahle appears to be the first witness called
for examination, if it also appeared from the opening

statement to jury that he would be called, but it does not. The counsel for defendant in his objection to admission of the testimony stated that no showing had been or was then made " of such facts as brings to the knowledge "of the court that the name of the witness was not known "to the prosecuting attorney at the time of the filing of "the information," but still for 'aught we know from this recital there might have been some showing made that satisfied the court that the witness was not known at the time stated and prior to the trial.    It was further asserted as ground for objection to the admission of the testimony of the witness Stahle, that there was not " any such show-"ing" as would authorize the production of the witness for the State nor "any showing" that the admission of the witness was necessary for the due presentation of the case, and finally that no notice of the introduction of the witness had been served upon the defendant or his counsel.    All these matters depended upon the conduct and statements of the prosecutor, and were matters of fact to be shown affirmatively, in the record, not by the mere statement of counsel that certain facts existed or did not exist, and which could only be based upon evidence *aliunde*.    The court might have held that the grounds of objection asserted by counsel for defendant were untrue as a matter of fact or not borne out sufficiently by the events on the trial, of which there is not a complete narration, as the recitals in the journal entry do not pretend to give fully the agreed or undisputed facts.    The same difficulties arise from an inspection of the journal entry as to the action of the court upon the motion for an order allowing the clerk to indorse upon the information the names of Stahle and others as witnesses for the prosecution.    The objections state certain reasons therefor, but they are merely assertions of counsel which are not admitted to be true, and which the court may not have found to be true.    There may have been a proper showing why the indorsements had not been made prior to the trial or on filing the information, and that the prosecuting

attorney did not know until the trial begun of the exist-
ence of these witnesses. There might have been a full
statement of what the prosecution intended to prove by
each witness; and it might have appeared to the satisfac-
tion of the court from matters that do not appear in the
journal entry, but which occurred during the trial, which
showed that notice had been given of the introduction of
these witnesses. Indeed from this *nunc pro tunc* order,
which counsel claim is a record before us, it does not ap-
pear that the motion was allowed, and the indorsements
ordered to be made by the clerk. This seems to be in-
ferred from the fact that the objection made by counsel to
the indorsement was overruled, but it does not appear that
such an order was actually made by the court, although
the names of the witnesses objected to do appear on the
information, a copy of which is properly in the record as
a pleading.

The record of the transactions of the court fall far short
of the details required to show the facts and not the bare
assertions of counsel, and far short of the full narration
that ought to be preserved in a bill of exceptions in order
that the appellate court can clearly see without surmise or
conjecture what actually happened in the trial court. The
most rigid rule of construction adopted by the courts that
hold the matter of the indorsement of the names of the
witnesses on the accusation to be imperative and not man-
datory and in the nature of a substantial right not to be
frittered away by construction, is not an inflexible one.
Upon the showing of the prosecuting attorney that he was
not apprised that the person called was a material witness
before the trial commenced, it was held not erroneous to
permit such an one to testify, even though his name was
not indorsed as a witness upon the information. Hill v.
People, 26 Mich., 496; People v. Howes, 81 id., 399.
The reason given for this rule is that the Michigan statute
could not be extended by construction to cover the omis-
sion of the names of such witnesses as the prosecutor dis-
covered during the progress of the trial. It is not shown

that the testimony of Stahle or any of the other witnesses, the names of which were not indorsed upon the information, was material, for the evidence is not before us. The rule adopted in the case of Gandy v. State, 24 Neb., 724, seems to be the correct one in this respect, under a statute which is similar to ours in requiring the indorsement of the names of the witnesses. The names of the witnesses were not indorsed on the information, and the court said: "In this case, however, the testimony of the witnesses "called does not appear to be material, hence it (the "admission of the evidence) was error without prejudice." This court has held that a co-defendant jointly informed against, but held for a separate trial, on a severance, was a competent witness for the other defendant first tried separately, and that such a witness having been erroneously rejected for his incompetency on the ground that he was informed against jointly with the defendant on trial, it was not necessary to show by an offer in the record what the party producing him expected to prove by him, but on appeal it would be presumed that his testimony would have been material to the issue. Mc Ginnis v. State, 31 Pac., 978 (4 Wyo., 115). But the rule went solely to the competency of the witness arising from his relation to the defendant upon the joint accusation, and it appeared from the record that his testimony would have been material, from the other evidence in the case. In this case, the incompetency of the witnesses or their inability to testify arises, if at all, from the fact that their names were not properly and timely indorsed on the information. It does not appear from the record that their testimony would have been material. There is no express provision of law making them incompetent for the failure to indorse their names, and if they could not testify, their exclusion results from a legal inference in the construction of the statute requiring the indorsement and the effect of the failure to make it. The defendant is informed by such an indorsement what witnesses may be called to testify against him, but not what their testimony will be if they testify;

and he must gain this information from other sources, either from the preliminary examination, if they testified there, or by some other means. The record is silent upon the effect or tendency of their testimony. It does not appear from the journal entry that the defendant was surprised by the introduction of the witnesses against him, whose names he asserts were not indorsed on the accusation, or that he did not know the nature of their testimony; neither did he ask for a continuance on that ground, in order to enable him to make his defense. The object of the statute, if it was to enable the defendant to know what witnesses should appear against him, in order to acquaint himself with the nature of their evidence, was not to furnish him an exception to be shrewdly interposed as a means to escape justice. His objection should have come before the trial, or he should have shown affirmatively that he had no knowledge that the witnesses would be sworn, or to what they would testify. Even if his objection was not waived as not timely interposed and without such a showing, he would probably have been entitled only to the relief afforded by a continuance for a short time in order to make his defense, and this upon a showing made to the court that such time should be needed. Lord v. State, 18 N. H., 173.

The journal entry relied upon, if it could be considered part of the record, does not show affirmative error. (1) It does not show the facts as they occurred at the time the objection was made or which were relied upon by counsel, but merely the statements of counsel for the defendant; (2) the prejudicial tendency or materiality of the testimony against the defendant does not appear; (3) the objection came too late, as no proper showing was made why it was not interposed sooner; and (4) the defendant did not affirmatively show that he was not aware at the time of the objection of the nature of the testimony of the witnesses, and did not ask for a continuance in order to meet their testimony. The judgment of the district court for Laramie County is affirmed, and

that court is directed to proceed to carry into execution its sentence and judgment.

*Affirmed.*

CONAWAY and POTTER, JJ., concur.